**UNITED STATES of America,**
**Appellee,**

v.

**Lawrence Keith MEYERS, Appellant.**

**No. 26711.**

United States Court of Appeals, Ninth Circuit.

June 4, 1971.

James N. Penrod (argued), of Penrod & Himelstein, San Francisco, Cal., for appellant.

William B. Shubb (argued), Richard W. Nichols, Asst. U.S. Attys., Dwayne Keyes, U.S. Atty., Sacramento, Cal., for appellee.

Before BARNES and DUNIWAY, Circuit Judges, and GRAY,* District Judge.

PER CURIAM:

Lawrence K. Meyers appeals from his conviction, after a jury trial, of violation of 18 U.S.C. § 641 (receipt and retention of stolen government property). The evidence established that the stolen item was a Model SW-10 Friden calculator.

 The appellant first contends that the search in which the calculator was found was unconstitutional. This contention is based upon his assertion that there was no cause for his arrest and detention and, hence, no justification for the ensuing warrantless search. However, there is evidence that the appellant consented to this search. Consent is a factual question. If the statements of the police officer who conducted the search are accepted, which they presumably were, there is ample support in the record for a finding of consent.

The appellant next asserts that the government failed to prove that the stolen calculator was worth more than $100 at the date of the crime. The only evidence of value was that the original cost price of the calculator, more than eleven years prior to the crime, was $768.50. 18 U.S.C. § 641 permits proof of value in this manner. Fulks v. United States, 283 F.2d 259 (9th Cir.1960). The government, therefore, has established the value of the calculator by proof sanctioned in the statute. Such proof must be deemed sufficient in the absence of other evidence showing a value less than $100.

Finally, the appellant argues that the trial court erred in failing to instruct the jury on the lesser included offense. In light of the appellant's failure to request such an instruction, the omission must be considered a matter of trial strategy and not error. The jury was instructed to find the defendant not guilty if it determined that the calculator was worth less than $100. The defendant elected to seek acquittal rather than to invite conviction of the lesser offense.

The conviction is affirmed.

---

* Honorable William P. Gray, United States District Judge for the Central District of California, sitting by designation.