Homer H. HUBBARD, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–88–641.

Court of Criminal Appeals of Oklahoma.

July 16, 1991.

Rehearing Denied Oct. 17, 1991.

Johnie O'Neal, Public Defender, Tulsa, for appellant.

Robert H. Henry, Atty. Gen., Elizabeth J. Bradford, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BRETT, Judge:

Homer H. Hubbard, appellant, was tried by jury for the crime of Shooting with Intent to Kill (two counts) in violation of 21 O.S.1981, § 652 in Case No. CRF–87–2391 in the District Court of Tulsa County. The jury returned a verdict of guilty and set punishment at fifty (50) years imprisonment on each count. The trial court sentenced the appellant in accordance with the jury's verdict to two consecutive fifty (50) year sentences. From the judgment and sentence, the appellant has perfected this appeal.

On June 20, 1987, the appellant, who was very upset and angry because he believed that someone had been tampering with his truck, decided to spend the night in his garage so that he could stop the individual who had been harassing him. Early the next morning, he heard a car driving down his street. Believing this to be the trouble-maker, he shot at it, striking the paperboy in the head.

The appellant argues in his third assignment of error that the trial court erred in failing to give an instruction which the appellant requested on the lessor included offense of Assault With a Dangerous Weapon, under 21 O.S.1981, § 645. As

we find merit to this allegation, we need not address the remaining assignments of error.

■ We have previously held that Assault and Battery With Intent to Kill necessarily includes an Assault and Battery With Intent to do Bodily Harm. *Brown v. State*, 674 P.2d 46, 48 (Okl.Cr.1983). Further, the trial court should submit to the jury for consideration instructions concerning every lesser included offense, whether requested or not, where the evidence reasonably tends to support the instruction. *Penny v. State*, 765 P.2d 797, 800 (Okl.Cr. 1988).

The United States Supreme Court stated in *Keeble v. United States*, 412 U.S. 205, 213, 93 S.Ct. 1993, 1998, 36 L.Ed.2d 844 (1973), that where one of the elements of the offense is in doubt, but the defendant appears to be guilty of some offense, the jury is likely to resolve its doubts in favor of conviction. Here, one major issue in dispute was that of the appellant's intent. Although the appellant asserted that he wanted to stop the harassment and that he would shoot whoever had been tampering with his truck, he did not state whether his intent was to kill, to harm, or merely to frighten. This issue should have been decided by the jury. Here, much like the situation in *Keeble*, where the defendant's intent was very much in dispute, the jury may have convicted him of the lesser degree of assault if that option had been available. *See Keeble*, 93 S.Ct. at 1998.

As the requested lesser included offense of Assault and Battery With a Dangerous Weapon was supported by the evidence, we find the trial court committed reversible error in failing to submit such instruction to the jury.

Based upon the foregoing, the judgment and sentence is REVERSED and REMANDED for a new trial.

LANE, P.J., LUMPKIN, V.P.J., and PARKS and JOHNSON, JJ., concur.