21 F.3d 1119
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bradley A. THURMOND, Defendant-Appellant.
 No. 92-10696.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 13, 1993.
Decided April 5, 1994.
 
 Before: LAY,* HALL and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 A jury convicted Bradley A. Thurmond of first-degree murder of his wife. He appeals, contending the district court failed to instruct the jury on an essential jurisdictional element of the crime: that the killing occurred on Ford Ord, within the exclusive jurisdiction of the United States. He also argues the court erred in failing to suppress his confession, and committed plain error by failing to instruct the jury on the lesser-included offense of second-degree murder.
 
 
 3
 We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 4
 The federal murder statute under which Thurmond was convicted is 18 U.S.C. Sec. 1111. After defining first and second-degree murder in subparagraph (a), the statute provides in subparagraph (b) that "[w]ithin the ... territorial jurisdiction of the United States, Whoever is guilty of murder in the first degree," shall suffer the prescribed punishment. 18 U.S.C. Sec. 1111(b).
 
 
 5
 "In all cases of murder or manslaughter, the offense shall be deemed to have been committed at the place where the injury was inflicted ... without regard to the place where the death occurred." 18 U.S.C. Sec. 3226. Under this section, jurisdiction depends on where the fatal injury was inflicted, not where the death occurred or where the body was found. The locus of the infliction of the fatal injury is a question of fact, and it is a question on which the jury should be instructed.
 
 
 6
 Here, the district court instructed the jury:
 
 
 7
 In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:
 
 
 8
 First, the defendant killed Nancy Thurmond;
 
 
 9
 Second, the defendant killed Nancy Thurmond with malice aforethought; and
 
 
 10
 Third, the killing was premeditated.
 
 
 11
 This instruction did not include an instruction as to where the killing occurred. The omission of this element was error. The error, however, was harmless.
 
 
 12
 In his confession, Thurmond said he killed his wife and then moved her body fifty feet. The place where her body was found was 500 yards inside the boundaries of Fort Ord. According to this evidence, the killing had to have occurred within the exclusive jurisdiction of the United States. There was no evidence to the contrary.
 
 
 13
 An expert witness testified that the fact the victim was wrapped in a blanket indicated "the good likelihood" she had been moved from the place where she was killed. This was consistent, however, with Thurmond's statement in his confession that he had moved the body. The government did not perform tests for dirt and matter found on the victim's clothing and on the blanket in which she was wrapped, but this did not create any dispute in the evidence.
 
 
 14
 The undisputed evidence was that the killing occurred on Fort Ord and there is no reasonable possibility the verdict was affected by the failure to instruct the jury on where the fatal injury was inflicted. Thus, the error was harmless. United States v. Warren, 984 F.2d 325, 328 (9th Cir.1993).
 
 
 15
 Thurmond argues his confession on November 18, 1981 was involuntary and should have been suppressed. He contends he suffered from a mental disorder and the police coerced him into confessing by preying on this condition. We reject this argument.
 
 
 16
 Although the police had questioned Thurmond in October 1991, and had pretended to sympathize with him to get him to talk, knowing he had suffered from mental illness, there was no further questioning until November 18, 1991. A period of 38 days elapsed between the October questioning and the confession on November 18. This was sufficient to insulate the November 18 statements from any effect of the previous interrogation in October. See United States v. Patterson, 812 F.2d 1188, 1192 (9th Cir.1987), cert. denied, 485 U.S. 922 (1988). Because Thurmond failed to show there was any continuing effect from the previous interrogation, and there was no coercion when Thurmond confessed on November 18, 1991, the court did not err in refusing to suppress the confession. See id.
 
 
 17
 Nor did the court err in failing, sua sponte, to give an instruction on the lesser-included offense of second-degree murder.
 
 
 18
 Thurmond did not object to the court instructing the jury only on first-degree murder. He did not request an instruction on the lesser-included offense of second-degree murder. Therefore, we review for plain error and will reverse only in "exceptional circumstances." United States v. Hegwood, 977 F.2d 494, 495 (9th Cir.1992), (quoting United States v. Marsh, 894 F.2d 1035, 1039 (9th Cir.1989).
 
 
 19
 There are no exceptional circumstances in this case. The jury sent a note to the court asking why they were not instructed on second-degree murder. Thurmond still did not request a lesser-included offense instruction. It is obvious "he elected to seek acquittal rather than to invite conviction of the lesser offense." United States. United States v. Myers, 443 F.2d 913, 914 (9th Cir.1971). The failure to request the instruction "must be considered a matter of trial strategy and not error." Id.
 
 
 20
 AFFIRMED.
 
 
 
 *
 Hon. Donald P. Lay, Senior Circuit Judge for the Third Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3