
STATE of Delaware, Plaintiff
Below, Appellant,

v.

Vincent COX, Defendant
Below, Appellee.

No. 210,2003.

Supreme Court of Delaware.

Submitted: Sept. 9, 2003.
Decided: Dec. 23, 2003.

Paul R. Wallace, Department of Justice, Wilmington, DE, for appellant.

Bernard J. O'Donnell, Jr., Public Defender, Wilmington, DE, for appellee.

Before HOLLAND, BERGER and JACOBS, Justices.

HOLLAND, Justice:

The defendant-appellee, Vincent Cox, was acquitted, following a jury trial in the Superior Court. The State has applied for leave to appeal, pursuant to Del.Code Ann. tit. 10, § 9903, from an adverse ruling by the Superior Court that was made during the course of Cox's criminal trial. The purpose of section 9903 "is to afford to the State the opportunity to have reviewed by this Court adverse rulings of law made by [trial] courts—not for the purpose of having an appellate decision in the specific case in which the question arose, but for the purpose of having the question finally decided for future cases—all with due regard for the double jeopardy guaranty."[1]

This Court granted the State's request to appeal. The Public Defender was asked to file an answering brief. The question presented to this Court is: if there exists a rational basis in the evidence for a lesser included offense instruction, may a trial judge deny the State's request for such an instruction to the jury, if that request is objected to by the defense? We have concluded that any party is entitled to such an instruction, if requested, provided a rational basis exists in the evidence to acquit the defendant of the charged offense and to support a conviction for a lesser-included offense.

*Facts*

On July 28, 2002, at approximately 2:30 a.m., three brothers, Pedro, Juan and Santos Lopez were drinking in the Lafayette Apartment Complex parking lot when they were approached by two African–American males. The shorter of the two males asked Juan if he was interested in purchasing marijuana. When Juan declined, the taller male, later identified as Vincent Cox, demanded money, while the shorter male, never identified, struck Juan in the face with a handgun.

In defense of his brother, Pedro threw a beer can at the unknown assailant. The shorter man tossed the gun he was carrying to Cox, who shot Pedro once in the abdominal area. Santos then threw a can of beer at Cox, who proceeded to shoot Santos in the foot. Both brothers survived their wounds.

Police subsequently identified Cox as the shooter and arrested him. Cox was indicted in the Superior Court for Attempted Murder in the First Degree and related assault, robbery, weapons and conspiracy charges. Trial began on March 11, 2003.

At a pre-trial conference, the State first informed the trial court that it would be seeking an instruction on the lesser-included offense of Assault in the First Degree. At the end of the State's presentation of its case, the prosecutrix again requested that the jury be instructed on the lesser-included offense of Assault in the First Degree. Cox objected to an instruction for the lesser-included offense.

*Superior Court Ruling*

The Superior Court found that there was a rational basis in the evidence to

1. *State v. Roberts,* 282 A.2d 603 (Del.1971) (quoting *State v. Clark,* 270 A.2d 371, 372 (Del.1970)).

support of the State's request for an instruction on the lesser-included offense of Assault in the First Degree. Specifically, the trial judge stated:

First I'll say, I think for everyday use, there is a rational basis in the evidence for the lesser-included offense of Assault First Degree.

... the evidence clearly supports the charge and that's what I have right here.

No Delaware case to my knowledge has spoken ... to this issue, i.e., the granting of a lesser-included offense request of the State over defense objection [when there is] a rational basis in the evidence.

If the defense requested a lesser included offense [with] the rational basis in the evidence I would give that instruction.

The trial judge then ruled that he would not give the lesser-included offense instruction over the defendant's objection. Accordingly, even though the trial judge determined that there was a rational basis in the evidence to acquit Cox of the greater charged offense and to convict Cox of the lesser-included offense requested by the State, the trial judge held that the defendant's objection entitled the defendant to invoke the "all-or-nothing doctrine," i.e., to insist that the jury only be instructed on the charged offense and not any lesser-included offenses.

## Common Law History
## Lesser–Included Instructions

"At common law the jury was permitted to find the defendant guilty of any lesser offense necessarily included in the offense charged." [2] This practice offered the jury a choice other than a guilty verdict on the offense charged or acquittal-often described as "all or nothing." It has long been recognized that jury instructions on lesser-included offenses can be beneficial to a criminal defendant by "providing the jury with the 'third' option of convicting on a lesser included offense [thereby] ensur[ing] that the jury will accord the defendant the full benefit of the reasonable-doubt standard." [3]

A lesser-included offense instruction, however, may also be beneficial to the State. Indeed, the common law rule originally developed as "an aid to the prosecution in cases in which [its evidence] failed to establish some element of the crime charged." [4] From these common law origins, the principle that one indicted for a greater offense can properly be convicted of an uncharged lesser-included offense is now well established.[5]

The purpose and rationale for this almost universal practice of granting requests to give lesser-included offense instructions, when there is a rational basis in the evidence to support them, has been explained as follows:

**2.** *Henry v. State*, 805 A.2d 860, 863–64 (Del. 2002) (quoting *Beck v. Alabama*, 447 U.S. 625, 633, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980)). *See also* 2 M. Hale, *Pleas of the Crown* 302–302 (1736); 2 W. Hawkins, *Pleas of the Crown* 623 (6th ed. 1787); 1 J. Chitty, *Criminal Law* 250 (5th Am. ed. 1847); T. Starkie, *Treatise on Criminal Pleading* 3521–352 (2d ed. 1822).

**3.** *Beck v. Alabama*, 447 U.S. at 634, 100 S.Ct. 2382.

**4.** *Id.* (citing 2 C. Wright, *Federal Practice and Procedure* § 515, n. 54 (1969)).

**5.** *See Hagans v. State*, 316 Md. 429, 559 A.2d 792, 800–01 (1989). The lesser-included offense doctrine has been codified in most jurisdictions, either by statute, or rule of criminal procedure. *Id.* at 810 n. 5 & n. 6. In Delaware, this doctrine is codified at Del.Code. Ann. tit. 11, § 206.

The doctrine is a valuable tool for defendant, prosecutor, and society. From a defendant's point of view, it provides the jury with an alternative to a guilty verdict on the greater offense. From the prosecutor's viewpoint, a defendant may not go free if the evidence fails to prove an element essential to a finding of guilt on the greater offense. Society may receive a benefit because, in the latter situation, courts may release fewer defendants acquitted of the greater offense. In addition, the punishment society inflicts on a criminal may conform more accurately to the crime actually committed if a verdict on a lesser included offense is permissible.[6]

### Jurisdictional Approaches
### Lesser–Included Instructions

The approaches applied by various courts in determining whether a lesser-included offense instruction should be presented to a jury have been divided into three categories: trial integrity jurisdictions, party autonomy jurisdictions, and hybrid jurisdictions.[7] Courts in the first category require an instruction on any lesser-included offense supported by the evidence, even if neither party requests one.[8] In such jurisdictions, "the key question is whether trial process is compromised by omission of the lesser-included instruction."[9] The rationale for this "trial integrity approach"[10], is that it is the judge's role to "fully instruct the jury on the law applicable to each particular case."[11]

In trial integrity jurisdictions, if lesser-included instructions are warranted by the evidence, the trial judges must *sua sponte* give such an instruction. This analytical model does not permit the parties to adopt an all-or-nothing trial strategy. Very few states have adopted a pure trial integrity model because of the historical deference that courts give to parties to develop their own trial strategy within the American adversarial process.

Accordingly, many courts in other jurisdictions apply what is referred to as the "party autonomy" approach.[12] These jurisdictions have concluded that the trial judge should not interfere with the trial strategies of the parties. Consequently, in these jurisdictions, trial judges withhold deciding the issue of whether there is a rational basis in the evidence to charge the jury on a lesser-included offense unless requested to do so by a party.[13] Pursuant

6. Note, *The Lesser Included Offense Doctrine in Pennsylvania: Uncertainty in the Courts*, 84 Dick. L. Rev. 125, 126 (1979).

7. *See In re Nathan L.*, 146 N.H. 614, 776 A.2d 1277, 1280–82 (2001). *See also* Catherine L. Carpenter, *The All–or–Nothing Doctrine in Criminal Cases: Independent Trial Strategy or Gamesmanship Gone Awry?* 26 Am. J. Crim. L. 257 (1999) (hereinafter "All or Nothing").

8. *See, e.g., State v. Haanio*, 94 Hawai'i 405, 16 P.3d 246, 254 (2001); *People v. Barton*, 12 Cal.4th 186, 47 Cal.Rptr.2d 569, 906 P.2d 531, 535 n. 4 (1995); *Hubbard v. State*, 817 P.2d 262, 263 (Okla.Crim.App.1991); *Lisby v. State*, 82 Nev. 183, 414 P.2d 592 (1966).

9. Catherine L. Carpenter, *All or Nothing*, 26 Am. J. Crim. L. at 278.

10. *Id.*

11. *In re Nathan L.*, 776 A.2d at 1280 (quotations omitted).

12. Catherine L. Carpenter, *All or Nothing*, 26 Am. J. Crim. L. at 283.

13. *See, e.g. Chao v. State*, 604 A.2d 1351, 1358 n. 4 (Del.1992) (quoting *Walker v. United States*, 418 F.2d 1116, 1119 (D.C.Cir.1969)) ("[a] trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required ... [and] ... is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics."); *Hagans v. State*, 316 Md. 429, 559 A.2d 792, 804 (1989) (describing this approach as the "better view").

to the party autonomy approach, the burden is initially on the parties rather than the trial judge to determine whether a lesser-included offense instruction is to be considered as an option for the jury.

A third approach takes the middle ground. In these "hybrid" jurisdictions,[14] the trial judge has the discretion to instruct *sua sponte* on a lesser-included offense.[15] This approach attempts to remove the "all or nothing" trial strategy present in "party autonomy" jurisdictions, while still affording the trial judge the discretion over whether to give a lesser-included offense instruction that is not present in "trial integrity" jurisdictions.[16] The discretionary authority granted to trial judges in these hybrid jurisdictions also allows for a trial judge to withhold the giving of a lesser-included offense instruction, even though there is a substantial basis in the evidence, in the absence of a request for such an instruction by one of the parties. Not surprisingly, there appears to be "significant conflict" in these jurisdictions concerning the scope and application of such discretion.[17]

## Delaware Law
## Party Autonomy Approach

■ In *Chao v. State*, this Court explained that Delaware is a "party autonomy" jurisdiction.[18] We continue to be persuaded by the rationale of the many other jurisdiction that also follow the "party autonomy" approach: "[t]he better view... is that the trial court ordinarily should not give a jury instruction on an uncharged lesser included offense where neither side requests or affirmatively agrees to such instruction." [19] As the United States Court of Appeals for the District of Columbia Circuit explained:

> In general the trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics. If counsel asks for a lesser-included offense instruction, it should be freely given. If it is not requested by counsel, it is properly omitted by the trial judge, and certainly should not be initiated by the judge after summations are completed, except possibly in an extreme case.[20]

**14.** Catherine L. Carpenter, *All or Nothing*, 26 Am. J. Crim. L. at 288.

**15.** *See, e.g., In re Nathan L.*, 776 A.2d at 1281; *Powell v. State*, 270 Ga. 327, 510 S.E.2d 18, 21 (1998); *see also* N.Y. C.P.L.R. 300.50 (Mckinney 1993); Me. Rev. Stat. Ann. tit. 17 § 13–A (West 1983).

**16.** *In re Nathan L.*, 776 A.2d at 1281.

**17.** Patrick D. Pflaum, Comment, *Justice is Not All or Nothing: Preserving the Integrity of Criminal Trials Through the Statutory Abolition of the All-or-Nothing Doctrine*, 73 U. Colo. L. Rev. 289, 318 (2002); *see also* Catherine L. Carpenter, *All or Nothing*, 26 Am. J. Crim. L. at 289–91.

**18.** *See Chao v. State*, 604 A.2d 1351, 1357–58 (Del.1992).

**19.** *Hagans v. State*, 316 Md. 429, 559 A.2d 792, 804 (1989); *see also e.g., Walker v. United States*, 418 F.2d 1116, 1119 (D.C.Cir.1969); *Woodard v. United States*, 738 A.2d 254, 261 (D.C.1999); *State v. Porter*, 130 Idaho 772, 948 P.2d 127, 142 (1997); *People v. Romero*, 694 P.2d 1256, 1269 (Colo.1985).

**20.** *Walker v. United States*, 418 F.2d 1116, 1119 (D.C.Cir.1969) (citations omitted). In addition to the D.C. Circuit, this approach is followed in several other federal circuits. *See United States v. DiPalermo*, 606 F.2d 17, 21 (2d Cir.1979); *United States v. Colon*, 268 F.3d 367 (6th Cir.2001); *United States v. Thompson*, 492 F.2d 359 (8th Cir.1974); *United States v. Meyers*, 443 F.2d 913, 914 (9th Cir.1971); *United States v. Duran*, 127 F.3d 911 (10th Cir.1997).

■ The "party autonomy" approach allows the defendant to exercise or waive the "full benefits of reasonable doubt" that a lesser included offense instruction may promote, while also allowing the prosecution to seek the proper punishment for a criminal act that a jury may not believe rises to the level of the original offense charged. We adhere to our holding that in Delaware, the burden of requesting lesser-included offense instructions is properly placed upon trial counsel, "for it is they who determine trial tactics and presumably act in accordance with a formulated strategy." [21]

### Mutuality of Right

■ It is well established in the federal courts that the *defendant* is entitled to an instruction on a lesser-included offense "if the evidence would permit a jury rationally to find him guilty of the lesser offense and acquit him of the greater." [22] That principle is equally well established in state courts.[23] Almost twenty-five years ago, in *Beck v. Alabama*, the United States Supreme Court stated, "[w]hile we have never held that a defendant is entitled to a lesser included offense instruction as a matter of due process, the nearly universal acceptance of the rule in both state and federal courts establishes the value to the defendant of this procedural safeguard." [24]

Pursuant to Delaware's lesser-included offense statute, a trial judge is not required to instruct a jury with respect to a lesser-included offense "unless there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting him of the included offense [instead]." [25] This Delaware statutory provision makes no distinction between requests made by the State or a defendant. Similarly, this provision does not limit the granting of such a request only to situations where no objection to the request is made by the opposing party.

■ The mutuality of right doctrine affords the prosecution the equivalent right of the defendant to request and to have the jury receive lesser-included offense instructions. Those jurisdictions that otherwise permit the parties to adopt an all-or-nothing trial strategy abide by the general maxim that one party cannot demand an all-or-nothing strategy over the objection of the other.[26] In *State v. Howland*, the New Hampshire Supreme Court held that "the State is entitled to have the lesser included offense instruction submitted to the jury if the evidence justifies it. The defendant is not entitled to 'force an all or

**21.** *Chao v. State*, 604 A.2d at 1358. *See also Capano v. State*, 781 A.2d 556, 633 (Del.2001).

**22.** *Keeble v. United States*, 412 U.S. 205, 208, 93 S.Ct. 1993, 36 L.Ed.2d 844 (1973). *Accord Beck v. Alabama*, 447 U.S. 625, 635, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980); *Chao v. State*, 604 A.2d 1351, 1357 (Del.1992).

**23.** *Id.* at 1357–58.

**24.** *Beck v. Alabama*, 447 U.S. at 637, 100 S.Ct. 2382. In *Beck v. Alabama*, the United States Supreme Court did hold, however, that a sentence of death may not be imposed unless the jury is permitted to consider a verdict of guilt on a non-capital lesser-included offense—if such an instruction is requested by the defense—when the evidence would have supported such a verdict. *Chao v. State*, 604 A.2d 1351, 1359 (citing *Beck v. Alabama*, 447 U.S. at 643–44, 100 S.Ct. 2382).

**25.** Del.Code Ann. tit. 11, § 206(c); *see also Chao v. State*, 604 A.2d 1351, 1358 (Del.1992).

**26.** *See Hawthorne v. United States*, 829 A.2d 948, 951 (D.C.2003); *State v. Jarvis*, 199 W.Va. 38, 483 S.E.2d 38, 44 (1996); *State v. Keffer*, 860 P.2d 1118, 1137 (Wyo.1993); *State v. Howland*, 119 N.H. 413, 402 A.2d 188, 191 (1979); *see also* Catherine L. Carpenter, *All–or–Nothing*, 26 Am. J. Crim. L. 257, 277.

nothing verdict' by objecting to instructions on the lesser included offense if the evidence warrants it." [27]

■ We have concluded that the mutuality of right doctrine is a logical corollary to Delaware's party autonomy approach to giving lesser-included offense instructions. Accordingly, we hold that the trial judge must give a lesser-included offense instruction at the request of either the defendant or the prosecution—even over the objection of the other party—if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense. The only exception to this mutuality of right principle is when the State asks for a lesser-included instruction "if at the time the offense is presented to the court, its prosecution is time barred." [28]

*Conclusion*

■ In criminal proceedings, a trial judge is required to instruct the jury on a lesser-included offense over the objection of an opposing party if: it is requested by any party; there exists a rational basis in the evidence for the jury to convict the defendant of the lesser charge and acquit the defendant of the greater charge; and prosecution for the lesser-included offense is not time barred. In this case, the trial judge committed legal error by sustaining the defendant's objection and denying the State's request for a lesser-included offense instruction that was rationally supported by the evidence.

27. *State v. Howland,* 402 A.2d at 191.

28. *Cane v. State,* 560 A.2d 1063, 1066 (Del. 1989).