**Elsworth WIGGINS, Defendant Below, Appellant,**

v.

**STATE of Delaware, Plaintiff Below, Appellee.**

#### No. 592, 2005.

Supreme Court of Delaware.

Submitted: May 17, 2006.

Decided: June 26, 2006.

---

**13.** Super. Ct. Civ. R. 6(b); *Brown v. Weiler,* 719 A.2d 489 (Del.1998) (Table).

**14.** Super. Ct. Civ. R. 60.

Bernard J. O'Donnell, Esquire, Office of the Public Defender, Wilmington, Delaware, for appellant.

Timothy J. Donovan, Jr., Esquire, Department of Justice, Wilmington, Delaware, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice.

The defendant-appellant, Elsworth Wiggins, was charged with Attempted Murder and Possession of a Firearm During the Commission of a Felony. The jury returned verdicts of guilt of Possession of a Firearm During the Commission of a Felony and the lesser-included offense of Assault in the First Degree. Wiggins was sentenced to, *inter alia,* two years Level V imprisonment for the Assault in the First Degree offense, followed by three years probation and three years imprisonment for the Firearm offense.

In this appeal, Wiggins argues that a lesser-included offense instruction was not warranted by the evidence at trial. According to Wiggins, "permitting a lesser included offense instruction enabled the jury to reach a compromise verdict on an issue over which there was no dispute rather than the issue which the parties contested—identity—and on which the evidence was close." Wiggins submits that "under these circumstances, the trial court erred by giving the lesser included offense instruction for assault first degree that was not supported by the evidence."

We have concluded that the trial judge properly instructed the jury on the elements of Assault in the First Degree as a lesser-included offense of Murder in the First Degree. The record reflects there was a rational basis in the evidence to acquit Wiggins of the greater charge and convict him of the lesser. Therefore, the

judgments of the Superior Court must be affirmed.

### Facts

Shortly after midnight on January 19, 2005, the Delaware State Police were dispatched to the Fantasia Night Club on Route 13 south of Wilmington to investigate a fight that had occurred between a patron and a bouncer. Among the officers responding to the dispatch was Corporal Charles Dalton. Upon arriving, the police found paramedics treating both combatants in the parking lot.

While the police were investigating this incident, a large altercation broke out in another part of the parking lot. The police ran over to break it up. As Corporal Dalton ran toward the melee, he heard "a pop sound and observed a flash of light." Dalton saw a man in a red baseball cap and black leather coat, arm extended, shooting a gun.

Dalton ordered the shooter to drop his gun. Instead, the suspect ran. Dalton gave chase, following him through the parking lot. Dalton testified that he never lost sight of the suspect during the chase. Dalton eventually apprehended the suspect when the suspect got into a white Cadillac in an attempt to escape. The person Dalton apprehended was the defendant, Wiggins.

The victim of the shooting was eighteen-year-old Rene Quiles. Quiles and his aunts had gone to the club that evening. Shortly after midnight, Quiles noticed a crowd of people leaving and followed them outside to find his aunts. While he was looking around the parking lot, a fight broke out and Quiles was physically attacked by two persons.

As Quiles was defending himself, he was shot, first in the back and then in the leg.

He ran. As he did so, he heard another shot. He hid behind a vehicle until the police arrived and then limped back into the club for assistance. There he was treated by paramedics and taken to the Christiana Hospital Emergency Room where he was treated for bullet wounds to his leg, arm and back.

### Lesser–Included Offense Ruling

The trial judge gave the jury an instruction for the lesser-included offense of Assault in the First Degree. The State requested the lesser-included offense instruction and the defense opposed it. The defense contended that the evidence did not establish beyond reasonable doubt that Wiggins, rather than someone else, shot Quiles. The defense argued that "permitting a lesser offense instruction that is not supported by the evidence, particularly where the evidence is close on the issue that the parties do contest, facilitates the rendering of a compromise verdict—where jurors surrender their conscientious convictions in order to reach a unanimous decision—and is invalid."[1] The trial judge ruled that a lesser-included offense instruction was supported by the evidence because "the victim was shot in the extremities and from that evidence, a juror could reasonably conclude that there was no intent to cause death." That ruling is challenged by Wiggins in this appeal.

### Party Autonomy Rule

■ Delaware follows the "party autonomy" rule regarding jury instructions on lesser-included offenses.[2] That rule defers to the parties' decision to request or not request that the jury be instructed on a lesser-included offense. The party autonomy rule does not, however, confer upon a

---

1. *See Webb v. State*, 663 A.2d 452, 463 n. 15 (Del.1995).

2. *State v. Cox*, 851 A.2d 1269, 1273 (Del. 2003).

party the right to require lesser-included offense instructions. Similarly, the party autonomy rule does not give a trial judge unfettered discretion to grant a party's request to give lesser-included offense instructions.

 The "party autonomy" rule provides that the trial judge must give a lesser-included offense instruction, if requested by either party, if the evidence presented at trial is "such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense."[3] As a corollary to the party autonomy rule, Delaware adheres to the mutuality of right doctrine, which affords the prosecution the equivalent opportunity to have the jury receive lesser-included offense instructions.[4] In fact, the practice of giving lesser-included offense instructions "developed as an aid to the prosecution in cases in which the proof failed to establish some element of the crime charged."[5]

### *Lesser–Included Offense Determination*

Delaware law prescribes a two-fold test for determining whether a lesser-included offense instruction is appropriate in a given case. First, the lesser-included offense must be included in the greater-charged offense.[6] In Wiggins' case, the parties agree that Assault in the First Degree is an included offense of Attempted Murder.[7] Second, there must be "a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."[8] The trial judge's rational-basis determination is at issue in this appeal.

### *Evidence Supports Instruction*

 The State submits that the evidence at trial was as suggestive of assault as it was of an attempt to commit murder for several reasons. First, there was no apparent motive for the shooting. Second, Quiles and Wiggins were strangers. Third, there was no indication of animus between them, and no indication of an incident occurring in the club that prompted the shooting later in the parking lot. Fourth, the shooting occurred during a general melee involving a number of young men in varying states of intoxication and that could be described as a bar room brawl. Finally, although Quiles' injuries were serious, he was not shot in vital areas of his body.

We hold that the trial court correctly ruled that the evidence provided a rational basis to instruct the jury on Assault in the First Degree. In this case, the difference between Attempted Murder and Assault in the First Degree was the shooter's state of mind. On the facts of this case, a reasonable juror could have concluded that while the State had proven beyond a reasonable doubt that Wiggins was the shooter, it did not prove that he intended to kill Quiles.[9]

### *Conclusion*

The judgments of the Superior Court are affirmed.

---

**3.** *Id.* at 1275.

**4.** *Id.* at 1274.

**5.** *Beck v. Alabama,* 447 U.S. 625, 633, 100 S.Ct. 2382, 65 L.Ed.2d 392 (1980).

**6.** Del.Code Ann. tit. 11, § 206(b) (2001).

**7.** *See Del.Crim.Code with Commentary* (1973).

**8.** Del.Code Ann. tit. 11, § 206(c). *See Ward v. State,* 575 A.2d 1156, 1159 (Del.1990).

**9.** *Henry v. State,* 805 A.2d 860, 864 (Del. 2002).