**STATE of Delaware, Plaintiff Below, Appellant,**

v.

**Jason T. BROWER, Defendant Below, Appellee.**

**No. 266, 2008.**

Supreme Court of Delaware.

Submitted: March 25, 2009.

Decided: May 5, 2009.

---

Paul R. Wallace, Esquire, Department of Justice, Wilmington, Delaware, for appellant.

James J. Haley, Jr., Esquire, Ferrara & Haley, Wilmington, Delaware, for appellee.

Before HOLLAND, JACOBS and RIDGELY, Justices.

HOLLAND, Justice.

The defendant, Jason Brower, was charged by indictment with Manslaughter[1] for recklessly causing the death of Chinsu Park Un during a high-speed drag race in Newark. A jury convicted Brower of the lesser offense of Criminally Negligent Homicide.[2] After trial, the Superior Court ruled on its own initiative that it should have instructed the jury *sua sponte* on the lesser offenses of Vehicular Homicide in the Second Degree[3] and Operation of a Vehicle Causing Death[4] and ordered a new trial.

Pursuant to title 10, section 9902(d) of the Delaware Code, the State appeals from the trial court's judgment granting the defendant a new trial.[5] The State claims that the trial court erred as a matter of law in ruling that it was obligated to instruct the jury *sua sponte* on the lesser offenses of Vehicular Homicide in the Second Degree and Operation of a Vehicle Causing Death. The State asserts that the Superior Court was required to instruct the jury on the lesser-included offense of Criminally Negligent Homicide once the State requested the instruction and the trial court determined there was a rational basis in the evidence to support that instruction. But, under the "party autonomy" approach embodied in Delaware case law, the trial court was not required to instruct the jury *sua sponte* on additional lesser offenses that neither party requested. We have concluded that the State's argument is correct.

Delaware follows the "party autonomy" approach to lesser-included instructions. We conclude that although the instructions were proper, the trial court erred as a matter of law when it ruled post-trial that it should have instructed the jury *sua sponte* on lesser-included offenses not requested by either party. Therefore, we remand Brower's case to the Superior Court for proceedings in accordance with this opinion.[6]

### *Facts*

On the morning of November 11, 2006, Jason Brower and Christopher Monaco engaged in a drag race on Elkton Road in Newark, Delaware, that resulted in Monaco's car colliding with a car driven by Chinsu Park Un. The collision caused Park Un's death. Monaco was indicted for Murder in the Second Degree.[7] He pleaded guilty to Manslaughter and testified for the State in Brower's trial.

Brower was indicted for Manslaughter. At Brower's trial, the State presented evidence that on that Saturday morning,

---

1. Del.Code Ann. tit. 11, § 632.

2. Del.Code Ann. tit. 11, § 631.

3. Del.Code Ann. tit. 11, § 630.

4. Del.Code Ann. tit. 21, § 4176A.

5. Del.Code Ann. tit. 10, § 9902(d).

6. *See, e.g., Starling v. State*, 882 A.2d 747, 759–60 (Del.2005) (explaining that trial judge instructed the jury on the correct standard but later erred as a matter of law after receiving the jury's recommendation, stating that "the error's effects are limited solely to the trial judge's final sentencing decision, and do not affect the jury's findings," and remanding to the trial court "for the limited purpose of resentencing under the appropriate standard").

7. Del.Code Ann. tit. 11, § 635.

Brower drove his silver Nissan 350Z to the Newark Car Wash on Elkton Road and washed his car in one of the self-service bays. After he was finished, Brower left the car wash and made a right-hand turn onto Elkton Road. Witnesses observed Brower spin his wheels and squeal his tires as he drove away at a fast speed, causing his car to "fishtail."

After turning onto Elkton Road, Brower got into the left lane and stopped at the red light at the intersection of Park Place. Monaco, driving a blue Saturn, was stopped next to Brower in the right lane. Brower and Monaco revved their engines at the light as if they were going to engage in a street race. Soon after, the two cars were seen driving down Elkton Road at a high speed in an apparent race. Brower's silver Nissan was in the lead and passed through the intersection at Casho Mill Road just seconds before Monaco's car collided with Park Un's car. Brower drove away from the scene, driving on shoulders in an effort to avoid pursuit. After the accident, Brower did not park his car in his driveway, where he normally parked it, apparently in an attempt to conceal the car.

Monaco testified at trial that he did not know Brower but noticed Brower's car when it stopped next to Monaco's car at the intersection of Elkton Road and Park Place. When the light turned green, Monaco testified that Brower "floored it" and they began to race at a high speed. Brower was in the lead until just a moment before the collision. At the intersection of Casho Mill Road, Brower's car swerved to the left abruptly and stopped. Monaco testified that he saw Park Un's car turning in front of him but at that point he could do nothing to avoid the collision. The record reflects that Monaco's car was traveling at a rate of 101 miles per hour two

seconds before the collision and 92 miles per hour one second before.

At trial, Brower testified that he had witnessed the collision but denied that he had engaged in a drag race with Monaco. Brower testified that he and Monaco happened to be washing their cars at the car wash at the same time that morning, but were strangers. He also testified that he noticed Monaco's blue Saturn was stopped next to his car at the light at the intersection of Elkton Road and Park Place. Brower testified that when the light turned green, he "put it to full throttle, peddle fully depressed to the floor, first gear, through second, shifted into third gear and just coasted," and continued to the next red light at the intersection of Elkton Road and Thorn Lane.

Brower testified that he had no sense of whether or not Monaco's car was following his car. As he approached the intersection of Casho Mill Road, at a speed of 65 miles per hour, he saw a mini van turn right onto Elkton Road from Casho Mill Road and get in the left lane, ahead of him. Brower braked.

About the same time, a silver Mercedes, driving from the opposite direction on Elkton Road, turned left onto Casho Mill Road in front of Brower's car. Brower braked harder. Brower then watched Monaco's blue Saturn speed past his car and collide with the Mercedes, driven by Park Un. Brower testified that he did not stop at the crash scene because he "is not very good at stress" and he did not call the police to report the accident because he "did not think it was a big deal."

At the close of the State's case-in-chief, Brower moved for a judgment of acquittal as a matter of law. Brower argued that the State had failed to present sufficient evidence to establish beyond a reasonable doubt that Brower caused the death of the victim, because Brower's act of speeding

was wholly unrelated to Monaco's actions that caused Park Un's death. The Superior Court denied the motion.

During the prayer conference, the State requested an instruction on the lesser-included offense of Criminally Negligent Homicide. Brower opposed the State's request, again arguing that there was insufficient evidence that Monaco and Brower had acted in concert and, that therefore, there was no rational basis in the evidence for an instruction on the lesser-included offense. Brower wanted to proceed on an "all-or-nothing" strategy because he was concerned that his fleeing from the scene might cause the jury to be unsympathetic and want to convict him of something. The trial court found that a rational basis existed to grant the State's request to instruct the jury on the lesser offense of Criminally Negligent Homicide—the only lesser offense requested by either party. The jury convicted Brower of Criminally Negligent Homicide.

Brower filed a timely post-trial motion for judgment of acquittal, arguing there was no rational basis in the evidence for the Criminally Negligent Homicide instruction. The trial court denied Brower's motion, holding that the facts presented at trial supported a charge of Criminally Negligent Homicide. The trial court then ruled on its own initiative that it should have *sua sponte* given additional instructions on Vehicular Homicide in the Second Degree and Operation of a Vehicle Causing Death, and ordered a new trial. Relying on this Court's opinion in *Lilly v. State*,[8] the trial court ruled that "[o]nce a request is made to instruct on lesser included offenses and the evidence supports

such an instruction, the Court is required to instruct so the jury may consider all lesser included offenses that would be supported by the facts."[9]

The State moved for reargument. The trial court denied the State's motion and again ordered a new trial. The State appealed to this Court pursuant to title 10, section 9902(d) of the Delaware Code, which permits the State to appeal from a trial court's order granting the defendant a new trial.[10]

### The State's Argument

In this appeal, the State claims that the trial court erred in concluding that it was obligated to instruct the jury on lesser offenses other than those requested. The State asserts that the defendant chose an "all-or-nothing" strategy and the State requested a jury instruction on only one lesser offense, *i.e.*, Criminally Negligent Homicide. The State contends that after the trial court found a rational basis in the evidence to instruct the jury on the single lesser offense requested by the State, the trial court was required to give an instruction only on that requested offense. The court was not required to instruct on lesser offenses not requested by either party. Therefore, the State argues, the trial court did not err when it instructed the jury only on the lesser offense of Criminally Negligent Homicide, and should not have ordered a new trial.

### Standard of Review

The Superior Court's decision to instruct the jury on lesser-included offenses presents a mixed question of fact

---

8. *Lilly v. State*, 649 A.2d 1055 (Del.1994).

9. *State v. Brower*, 2008 WL 888409, at *2 (Del.Super.) (citing *Lilly v. State*, 649 A.2d 1055 (Del.1994)).

10. Del.Code Ann. tit. 10, § 9902(d) ("The State shall have an absolute right to appeal to an appellate court from any order entered in a lower court which grants an accused ... a new trial.").

and law.[11] This Court applies a deferential standard of review to the trial judge's factual findings, which will not be disturbed on appeal if they are based on competent evidence and not clearly erroneous.[12] Once the historical facts have been determined, this Court considers whether the trial judge correctly applied the law to those factual findings.[13] That is a question of law entitled to *de novo* review.[14]

### Party Autonomy Approach Lesser–Included Instructions

■ The common law doctrine "that one indicted for a greater offense can properly be convicted of an uncharged lesser-included offense"[15] has been codified in title 11, section 206 of the Delaware Code.[16] Section 206 obligates the trial court to instruct the jury on a lesser-included offense if "there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."[17]

■ In Delaware, however, the trial judge does not consider whether there is a rational basis in the evidence to instruct the jury on a lesser-included offense "unless requested to do so by a party."[18] Under this "party autonomy" approach,

the burden is initially on the parties, rather than the trial judge, to determine whether an instruction on a lesser-included offense should be considered as an option for the jury.[19] The trial judge should not give an instruction on an uncharged lesser offense if neither side requests such an instruction[20] because to do so would "interfere with the trial strategies of the parties."[21]

In *State v. Cox*, this Court, quoting from the United States Court of Appeals for the District of Columbia Circuit, explained the rationale of the party autonomy approach, as follows:

> In general the trial judge should withhold charging on lesser included offense unless one of the parties requests it, since that charge is not inevitably required in our trials, but is an issue best resolved, in our adversary system, by permitting counsel to decide on tactics. If counsel asks for a lesser-included-offense instruction, it should be freely given. If it is not requested by counsel, it is properly omitted by the trial judge, and certainly should not be initiated by the judge after summations are completed, except possibly in an extreme case.[22]

11. *Burrell v. State*, 953 A.2d 957, 960 (Del. 2008) (citing *Brown v. State*, 897 A.2d 748, 750 (Del.2006); *Downs v. State*, 570 A.2d 1142, 1144 (Del.1990)).

12. *Burrell v. State*, 953 A.2d at 960 (citing *Albury v. State*, 551 A.2d 53, 60 (Del.1988)); *Ornelas v. United States*, 517 U.S. 690, 696–97, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996) (finding of historical fact); *Brown v. State*, 897 A.2d at 750.

13. *Burrell v. State*, 953 A.2d at 960 (citing *Brown v. State*, 897 A.2d at 750; *Lopez v. State*, 861 A.2d 1245, 1249 (Del.2004)).

14. *Id.*

15. *State v. Cox*, 851 A.2d 1269, 1271 (Del. 2003) (citing *Hagans v. State*, 316 Md. 429, 559 A.2d 792, 800–01 (1989)).

16. Del.Code Ann. tit. 11, § 206.

17. Del.Code Ann. tit. 11, § 206(c).

18. *State v. Cox*, 851 A.2d at 1272.

19. *Id.* at 1273.

20. *Id.* at 1272–73 (citing *Hagans v. State*, 559 A.2d at 804).

21. *Id.* at 1272, 559 A.2d 792; *see also Chao v. State*, 604 A.2d 1351, 1357–58 (Del.1992).

22. *Id.* at 1273 (quoting *Walker v. United States*, 418 F.2d 1116, 1119 (D.C.Cir.1969) (citations omitted)).

In this case, the State believed there was a rational basis in the evidence to acquit Brower of the charged offense of Manslaughter and to convict him of the lesser offense of Criminally Negligent Homicide. Accordingly, the State asked the trial court to instruct on that lesser offense. Brower did not want any lesser-included instructions. Instead, he chose an "all-or-nothing" tactic, insisting that the jury be instructed only on the charged offense.[23] This "all-or-nothing" strategy is often employed where charged the defendant believes that the State has not successfully proven the elements of the charged offense and seeks a full acquittal.[24] Because the State requested an instruction on the lesser offense of Criminally Negligent Homicide and the trial court found a rational basis in the evidence to support the instruction, and because the defendant did not request any lesser-included offense instructions, the trial court properly instructed the jury only on the lesser-included offense requested by the State.

### Sua Sponte *Instructions Contravene Party Autonomy*

The Superior Court's post-trial ruling—that once it granted the State's request to instruct the jury on the lesser offense of Criminally Negligent Homicide, it was obligated to also instruct the jury *sua sponte* on the lesser offenses of Vehicular Homicide and Operation of a Vehicle Causing Death—misapplies two prior decisions of this Court. First, the language in *State v. Cox* that a lesser-included offense instruction "should not be initiated by the judge after summations are completed, except possibly in an extreme case," does not provide an exception to the party autonomy approach's general prohibition against giving *sua sponte* instructions on lesser offenses. The quoted language simply explains that a trial judge should not deviate from the procedural rule that the trial court must inform the parties prior to closing arguments of the jury instructions it intends to give.[25] Our holding in *Cox* does not contemplate that the trial judge will instruct the jury on a lesser-included offense *sua sponte*. The purpose of the party autonomy rule would be defeated by an exception to the *sua sponte* prohibition.[26]

Brower chose to submit the case to the jury "all or nothing" for Manslaughter. Once the State requested the instruction on the lesser offense of Criminally Negligent Homicide and the trial court found a rational basis in the evidence to acquit Brower of Manslaughter and convict him of Criminally Negligent Homicide, the trial court was obligated to instruct only on Criminally Negligent Homicide.[27] Brower's decision to forego any other lesser instructions was a tactical one—not to expose his "unsympathetic" acts to a jury that might be "influenced to find him guilty of something." Instructions on ad-

23. *See, e.g., State v. Cox,* 851 A.2d at 1271.

24. The decision to waive included offense instructions involves an in-depth discussion of the trial evidence and defense tactics between counsel and client. The trial court should accept the defendant's decision to waive such instructions. *See, e.g., State v. Wallace,* 475 N.W.2d 197, 200–01 (Iowa 1991).

25. Del.Super. Ct. R.Crim. P. 30 ("The court shall inform counsel of its proposed action upon the requests [for jury instructions] prior to their arguments to the jury."); *see also* Fed.R.Crim.P. 30(b) ("The court must inform the parties before closing arguments how it intends to rule on the requested instructions.")

26. *State v. Cox,* 851 A.2d 1269, 1273–74 (Del. 2003).

27. *Wiggins v. State,* 902 A.2d 1110, 1113 (Del. 2006).

ditional lesser-included offenses would have increased Brower's exposure to alternative convictions where he consistently argued that he was not criminally liable. Therefore, it would not have been proper for the trial court to contravene the defendant's strategy by giving the additional instruction *sua sponte*.[28]

Second, *Lilly v. State* does not hold that when a party requests an instruction on a specific lesser-included offense the trial court must *sua sponte* instruct the jury on any other possible lesser-included offenses.[29] In *Lilly*, this Court considered whether the trial judge properly denied the defendant's request for an instruction on Vehicular Homicide in the First Degree as a lesser-included offense to the charge of Murder in the Second Degree.[30] The indictment charged the defendant with Murder in the Second Degree.[31] The trial judge instructed the jury on Murder in the Second Degree and the lesser offenses of Manslaughter and Criminally Negligent Homicide.[32] The jury convicted the defendant of Murder in the Second Degree.[33]

In his direct appeal, the defendant in *Lilly* argued that the trial court erred when it ruled that Vehicular Homicide in the First Degree was not a lesser-included offense to Murder in the Second Degree.[34] The issue in *Lilly* was whether the requested offense of Vehicular Homicide in the First Degree constitutes a lesser-included offense to the charge of Murder in the Second Degree.

In the *Lilly* case, this Court did not consider the question of whether the trial court should have *sua sponte* instructed the jury on the lesser offense of Vehicular Homicide absent a request from a party. Instead, this Court explained that the *defendant* had requested an instruction on Vehicular Homicide. We determined that Vehicular Homicide is a lesser offense to the charged offense of Murder in the Second Degree, and that there was a rational basis in the evidence to support such an instruction. Therefore, in *Lilly*, this Court held that the trial court was obligated to instruct the jury on the defendant's requested lesser offense of Vehicular Homicide but the erroneous failure to give that instruction was harmless under the facts of that case.[35]

In Brower's case, the trial court concluded that "the *Lilly* decision appears to require the Court *sua sponte* to [instruct on Vehicular Homicide in the Second Degree and Operation of a Vehicle Causing Death]" because, "[o]nce a request is made to instruct on lesser included offenses and the evidence supports such an instruction, the Court is required to instruct so the jury may consider all lesser included offenses that would be supported by the facts."[36] Our holding in *Lilly* does not

28. *Hagans v. State*, 316 Md. 429, 559 A.2d 792, 804 (1989) ("The better view, we believe, is that the trial court ordinarily should not give a jury an instruction on an uncharged lesser included offense where neither side requests or affirmatively agrees to such instruction. It is a matter of prosecution and defense strategy which is best left to the parties. There is no requirement that the jury pass on each possible offense the defendant could have committed.").

29. *Lilly v. State*, 649 A.2d 1055 (Del.1994).

30. *Lilly v. State*, 649 A.2d at 1060.

31. *Id.* at 1056–57.

32. *Id.* at 1061–62.

33. *Id.* at 1056.

34. *Id.* at 1060.

35. *Id.* at 1062–63.

36. *State v. Brower*, 2008 WL 888409, at *2.

impose that obligation.[37] The trial court was only required to instruct the jury on Criminally Negligent Homicide because Criminally Negligent Homicide was the only lesser offense requested by a party. Therefore, the trial court erred by granting Brower a new trial based on its reading *Lilly* to require a *sua sponte* instruction on lesser offenses other than those requested by a party.

### Conclusion

We ratify and reaffirm our adherence to the party autonomy rule.[38] A trial judge is only obligated to instruct the jury on a lesser-included offense if a *party* requests an instruction on that specific lesser-included offense [39] and there is a rational basis in the evidence to support the instruction.[40] A trial judge should not instruct the jury *sua sponte* on lesser-included offenses that neither party requests, because that would contravene the autonomy of the parties to choose their trial strategies.[41] Accordingly, the Superior Court's judgment granting Brower a new trial must be reversed.[42] This matter is remanded for further proceedings in accordance with this opinion.

**37.** *See, e.g., Chao v. State*, 604 A.2d at 1357–58 (explaining that the trial court need not engage *sua sponte* in an exacting examination to attempt to determine what lesser offense instructions might apply).

**38.** *State v. Cox*, 851 A.2d 1269, 1273–74 (Del. 2003).

**39.** *Id.*

**40.** Del.Code Ann. tit. 11, § 206(c).

**41.** *Hagans v. State*, 559 A.2d at 804 ("When counsel for both sides consider it to be in the best interests of their clients not to have an instruction, the court should not override their judgment and instruct on the lesser included offense.").

**42.** The defendant originally filed a cross-appeal in this matter. This Court lacks jurisdiction. This Court does not have jurisdiction over a defendant's appeal until the defendant has been sentenced by the trial court or the trial court otherwise issues a final order or judgment. Del.Supr. Ct. R. 6(a)(ii), 6(b)(ii) and 7(b); *Eller v. State*, 531 A.2d 951 (Del. 1987). In this case, the State initiated its appeal, pursuant to title 10, section 9902(d) of the Delaware Code, following the Superior Court's post-trial dismissal of Brower's convictions and order of a new trial, and before the Superior Court sentenced Brower or issued a final judgment of conviction or acquittal. Del.Code Ann. tit. 10, § 9902(d). Accordingly, Brower acknowledges that his cross-appeal must be dismissed for lack of jurisdiction.