Leslie RAMSEY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 639, 2009.

Supreme Court of Delaware.

Submitted: May 5, 2010.
Decided: May 26, 2010.

Christopher D. Tease, Esquire, Wilmington, DE, for Appellant.

Paul R. Wallace, Esquire, Department of Justice, Wilmington, DE, for Appellee.

Before HOLLAND, JACOBS and RIDGELY Justices.

JACOBS, Justice:

Leslie Ramsey ("Ramsey"), the defendant below, appeals from a Superior Court final judgment of conviction of Attempted First Degree Robbery. On appeal, Ramsey claims that the Superior Court erred by finding him guilty of Attempted First Degree Robbery as a lesser-included of-

fense of First Degree Robbery, even though neither Ramsey nor the State requested adjudication on that lesser-included offense. We hold that the "party autonomy" rule, which places the burden on the parties to decide whether a lesser-included offense should be considered by the jury, also applies to bench trials. Because the Superior Court's consideration of the lesser-included offense of Attempted First Degree Robbery infringed upon the parties' autonomy, we reverse Ramsey's conviction of and sentence on that offense.[1]

## FACTS AND PROCEDURAL BACKGROUND

On December 6, 2008, Ramsey and three co-conspirators robbed a pizza restaurant in New Castle, Delaware. Ramsey and Harry J. Bodine entered the restaurant, Bodine with a weapon drawn, and demanded money. The restaurant owner and an employee, Felipe Pantoja–Lara, were standing near the register. While Pantoja–Lara stood frozen with his hands in the air, the owner opened the register and Ramsey grabbed cash out of it. Ramsey and Bodine then ran outside and joined their two co-conspirators, who were waiting in a getaway car and fled the scene. Neither Ramsey nor Bodine took any personal property from Pantoja–Lara.

Ramsey was arrested and indicted on twenty four charges, arising from the December 6, 2008 robbery and three other armed robberies. Six of those charges were for First Degree Robbery, of which one named Pantoja–Lara as the victim. Ramsey waived his right to a jury trial.

At trial, after the State rested its case in chief, Ramsey moved for judgment of acquittal on several charges, including the First Degree Robbery charge naming Pantoja–Lara as the victim. Ramsey argued that under *State v. Bridgers*,[2] Pantoja–Lara was not the victim of First Degree Robbery, but was, at most, the victim of Aggravated Menacing. The Superior Court denied the motion with respect to that charge, without prejudice.

The issue arose again during closing arguments. In its closing argument, the State argued that under *Ross v. State*,[3] Ramsey should be convicted of First Degree Robbery of Pantoja–Lara. The trial judge then suggested that Pantoja–Lara be regarded as the victim of Attempted First Degree Robbery.[4] Although it did not expressly reject that suggestion, the State insisted that Ramsey should be found guilty of First Degree Robbery of Pantoja–Lara. Defense counsel, in his closing argument, implicitly rejected the

---

1. Ramsey was convicted of other offenses, which are not the subject of, or otherwise affected by, this appeal.

2. *State v. Bridgers*, 988 A.2d 939, 944 (Del.Super.Ct.2007), aff'd, 970 A.2d 257 (Table), 2009 WL 824536 (Del. Mar. 30, 2009) (holding that defendants' act of threatening bank customers, who otherwise simply watched defendants rob the bank, constituted Aggravated Menacing rather than Robbery).

3. *Ross v. State*, 560 A.2d 491 (Table), 1989 WL 27744 (Del. Feb. 23, 1989) (affirming defendant's convictions of three counts of First Degree Robbery of three employees of the same hotel, because it "is well settled that

multiple robbery convictions and sentences (one for each victim) are proper" under Delaware law).

4. The trial judge explained that:

[f]or whatever reason, because [Pantoja–Lara] does not understand English or he freezes or whatever it is, he simply stands still, so the attempt to take money from him fails. But the [the owner] steps forward and he becomes another victim and he gives up the money, he becomes a robbery victim. Why shouldn't the Court view Pantoja–Lara as the victim of a failed robbery, first degree as to him?

trial court's suggestion as well, and addressed the issue as follows:

> [W]e don't admit guilt as to [Pantoja–Lara] because, first off ... that count was charged as an actual robbery and nothing was taken from [Pantoja–Lara]. If nothing is taken from him, it would be an attempted robbery, just as Your Honor was saying.... So we do contest the robbery charge involving [Pantoja–Lara].

After the Superior Court announced its factual findings, it indicated that the question of whether Pantoja–Lara was actually a robbery victim was "close, but the Court would be inclined to believe, and will believe, that Mr. Pantoja–Lara was the victim of an attempted robbery." In response, defense counsel pointed out that the State never sought a conviction for Attempted First Degree Robbery. The Superior Court acknowledged that the State had maintained an "all or nothing" position during trial, but found, nonetheless, that (1) had the case been tried before a jury, the court would have raised the issue of Attempted First Degree Robbery at the prayer conference, and (2) would ultimately have given the jury a lesser-included offense instruction. Therefore, the Superior Court found Ramsey guilty of Attempted First Degree Robbery of Pantoja–Lara.[5] This appeal followed.

### ANALYSIS

◼ On appeal, Ramsey claims that the Superior Court erred by convicting him sua sponte of the uncharged offense of Attempted First Degree Robbery.[6] Ramsey contends that both he and the State consciously decided to maintain an "all or nothing" approach to the charge of First Degree Robbery of Pantoja–Lara. Therefore, the Superior Court's sua sponte consideration of the lesser-included offense of Attempted First Degree Robbery was erroneous, because it improperly interfered with the parties' decision to opt for only one of two possible outcomes on the Pantoja–Lara First Degree Robbery charge—either "guilty" or "not guilty."

◼ Ramsey's claim raises a question of law, which we review de novo.[7] That question is whether the "party autonomy" rule, which places the burden of requesting a lesser-included offense instruction upon the parties,[8] applies (with such modifications as may be appropriate) to bench trials. We hold that it does.

Under 11 Del. C. § 206(c), a trial court may charge the jury of a lesser-included offense if "there is a rational basis in the evidence for a verdict acquitting the defendant of the offense charged and convicting the defendant of the included offense."[9] The trial court should not, however, instruct on an uncharged lesser-included offense if neither side requests such an instruction.[10] That is because Delaware follows the "party autonomy" rule under which "the burden is initially on the parties, rather than the trial judge, to determine whether an instruction on a lesser-included offense

5. Ramsey was sentenced to ten years Level V incarceration, suspended after three years for two years at Level III on the Attempted First Degree Robbery conviction.

6. As noted, Ramsey does not appeal his convictions on other charges.

7. *State v. Brower*, 971 A.2d 102, 107 (Del. 2009).

8. *State v. Cox*, 851 A.2d 1269, 1274 (Del.2003) ("in Delaware, the burden of requesting lesser-included offense instructions is properly placed upon trial counsel.").

9. 11 *Del. C.* § 206(c).

10. *Brower*, 971 A.2d at 107.

should be considered as an option for the jury."[11]

■ By its very nature, the "party autonomy" rule is most relevant to jury trials. But, the rationale for that rule is also applicable to bench trials. "The 'party autonomy' approach allows the defendant to exercise or waive the full benefits of reasonable doubt that [the consideration of a] lesser included offense ... may promote, while also allowing the prosecution to seek the proper punishment for a criminal act that [the trial court] may not believe rises to the level of the original offense charged."[12] That rationale mandates that a trial court—whether or not it is sitting as a trier-of-fact—defer to the parties' decision to address, or refrain from addressing, a lesser-included offense. That is because it is trial counsel "who determine trial tactics and presumably act in accordance with a formulated strategy."[13] Accordingly, in a bench trial, the trial judge should not consider adjudicating an uncharged, lesser-included offense unless specifically requested by a party to do so.[14]

Here, the possibility of a lesser-included Attempted First Degree Robbery alternative to the First Degree Robbery charge was addressed during the trial.

Defense counsel referred to Attempted First Degree Robbery during his closing statement, stating that if nothing was taken from Pantoja–Lara, then Ramsey could be found guilty of Attempted First Degree Robbery, "just as Your Honor was saying." Despite being aware of the "attempted robbery option," however, neither side explicitly or affirmatively requested the Superior Court *actually* to consider that lesser-included offense. This Court cannot discount the possibility that the parties failed to make such an explicit request specifically because they had adopted "all or nothing" trial strategies.[15] Therefore, we must conclude that the Superior Court's failure to give the parties notice that it was about to actually consider Attempted First Degree Robbery infringed upon the parties' autonomy. Accordingly, Ramsey's conviction of Attempted First Degree Robbery of Pantoja–Lara must be reversed.

To prevent the occurrence of similar errors in future bench trials, the Superior Court should hold a conference before the parties make their closing statements in such trials, where the parties will be afforded the opportunity to request that the trial judge consider relevant lesser-included offenses.[16] A party's failure to request

11. *Id.*

12. *Cox,* 851 A.2d at 1274 (citations omitted).

13. *Chao v. State,* 604 A.2d 1351, 1358 (Del. 1992).

14. Delaware follows the "mutuality of right" doctrine, which affords the prosecution the equivalent right of the defendant to request and to have the jury receive lesser-included offense instructions. *Cox,* 851 A.2d at 1274. "The trial judge must give a lesser-included offense instruction at the request of either the defendant or the prosecution—even over the objection of the other party—if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-includ-

ed offense and acquit the defendant of the greater offense." *Id.* at 1275.

15. *See Perkins v. State,* 920 A.2d 391, 399 (Del.2007) ("The burden falls on defense counsel to request the instruction; otherwise, the trial court cannot 'discount the possibility that such a position [to decline the instruction] is a tactical decision by defense counsel.' ") (citing *Keyser v. State,* 893 A.2d 956, 961 (Del.2006)).

16. *Compare* Superior Court Rule 30 (providing that "[a]t the close of evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests.").

adjudication of a lesser-included offense during that conference will be deemed knowing and intentional.

### CONCLUSION

For the reasons stated above, the judgment of the Superior Court convicting Ramsey of Attempted First Degree Robbery of Pantoja–Lara is reversed and the matter is remanded to the Superior Court for further proceedings consistent with this Opinion.