# IN THE SUPREME COURT OF IOWA

No. 07–1202

Filed January 30, 2009

**STATE OF IOWA,**

    Appellant,

vs.

**JOHN JOSEPH KRAMER,**

    Appellee.

---

Appeal from the Iowa District Court for Muscatine County, James E. Kelley, Judge.

The State appeals a district court's grant of defendant's motion for acquittal of driving a motor vehicle while intoxicated, first offense. **AFFIRMED.**

Thomas J. Miller, Attorney General, Darrel Mullins, Assistant Attorney General, Gary Allison, County Attorney, and Alan R. Ostergren, Assistant County Attorney, for appellant.

Thomas G. Reidel, Muscatine, for appellee.

**BAKER, Justice.**

The State appeals the trial court's dismissal of this criminal case on double jeopardy grounds. Initially, the court orally granted the defendant's motion for judgment of acquittal for insufficiency of the evidence, but then immediately reversed this ruling upon being informed that the evidence thought lacking was in the record. Upon the defendant's objection that this reversal violated the Double Jeopardy Clause, the court dismissed the case. We are asked to decide: (1) whether a court may immediately revise an oral ruling on a motion for judgment of acquittal without offending double jeopardy principles, and (2) whether double jeopardy bars retrial when the court sustains a judgment of acquittal on double jeopardy grounds based on the erroneous belief that it cannot immediately correct an erroneous judgment of acquittal. Although we determine the court's initial ruling was subject to immediate revision without offending double jeopardy, we affirm the final dismissal because to reinstate the case now after the jury has been dismissed and the acquittal entered on the docket would violate double jeopardy.

### I. Background Facts and Proceedings.

The defendant, John Kramer, was arrested for operating a motor vehicle while intoxicated. The Muscatine County Attorney filed a trial information accusing Kramer of operating a motor vehicle while intoxicated, second offense, but later filed a supplemental information changing the charge to operating a motor vehicle while intoxicated, first offense. A jury trial was held on June 6, 2007. At the close of the State's case, outside the presence of the jury, Kramer's attorney moved for a "judgment of acquittal. . . [claiming] that the State ha[d] failed to present sufficient evidence regarding the driver of the vehicle for the Court to

allow this matter to go further." In response, the district court ordered "a directed verdict of acquittal on the defendant's motion," declaring the "evidence, taken in the light most favorable to the State would not support a finding beyond a reasonable doubt that the defendant was operating a motor vehicle at the time and place as alleged." The court went on to state: "Now, at that point the Court orders a directed verdict of acquittal on the defendant's motion." The State then pointed out evidence that Kramer admitted he was driving. After reviewing the court transcript and determining that Kramer had actually admitted to driving, the court revised its previous ruling stating: "With that in the record, the Court revises its ruling, and the Court overrules the motion for directed verdict of acquittal," stating, "[t]here is just barely sufficient evidence to take this to a jury."

After the court's revision, the defense protested that "when the Court uttered the words 'the motion for acquittal is granted,' that that attached immediately to the defendant, and that said ruling was not subject to revision." The court agreed with the defense, stating: "Good. Take it up. It's directed. Goodbye. We're done." The prosecution then inquired of the court as to what had just happened and argued that the court had the ability to correct its mistake, also noting that if the ruling stands jeopardy attaches. The court then stated: "Well mark this one up for me. My mistake. But I'm going to say the ruling stands."

It is not clear at what point the jury was discharged; however, no further proceedings occurred after this discussion. The court calendar entry for June 6, 2007, states "[t]he Court orders this case dismissed." The combined general docket also states that the defendant's motion for directed verdict was granted and the case dismissed. The State appeals, claiming: (1) that the trial court erred in initially granting the directed

verdict of acquittal; (2) that the trial court erred in claiming that it could not immediately correct its oral grant of acquittal before the judgment was entered; and (3) that double jeopardy principles do not prevent retrial of this matter.

## II. Scope of Review.

A verdict of acquittal cannot be reviewed, whether for error or otherwise, without violating the Double Jeopardy Clause. *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993) (citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 571, 97 S. Ct. 1349, 1354, 51 L. Ed. 2d 642, 651 (1977)). Therefore, we do not address the State's claim that the trial court erred in initially granting the verdict of acquittal on insufficiency of the evidence grounds. On the State's claim that the court erred in ruling that it could not immediately correct an oral grant of acquittal without offending double jeopardy, this is a constitutional claim, and the appropriate standard of review is de novo. *State v. Burgess*, 639 N.W.2d 564, 567 (Iowa 2001) (citing *State v. Washburne*, 574 N.W.2d 261, 263 (Iowa 1997) (other citations omitted)). On the State's claim that the defendant can be retried based on the court's error, this too is a double jeopardy issue, and the appropriate standard of review is de novo. *Id.*

## III. Double Jeopardy Principles.

The State appeals the district court's dismissal of the State's case on double jeopardy grounds, arguing the court erroneously determined that it could not correct an oral ruling granting a judgment of acquittal at the close of the prosecution's case without violating the defendant's double jeopardy rights. It contends that oral rulings are not final until entered in writing, are subject to change before entry, and therefore do not terminate a defendant's jeopardy.

In ultimately granting Kramer's motion for directed verdict of acquittal, the district court accepted his argument that "when the Court uttered the words 'the motion for acquittal is granted' that [double jeopardy] attached immediately to the defendant and that said ruling was not subject to revision." The district court did not clarify whether this decision was based upon the United States Constitution Double Jeopardy Clause, the Iowa Constitution double jeopardy provision, or both.

The Double Jeopardy Clause of the United States Constitution "is applicable to state criminal trials through the Fourteenth Amendment due process provision." *State v. Franzen*, 495 N.W.2d 714, 715 (Iowa 1993) (citing *Benton v. Maryland*, 395 U.S. 784, 794–95, 89 S. Ct. 2056, 2063, 23 L. Ed. 2d 707, 715–16 (1969)). The same constitutional standards for determining when double jeopardy attaches must be used in both federal and state courts. *Id.* at 715–16 (citing *Crist v. Bretz*, 437 U.S. 28, 32, 98 S. Ct. 2156, 2159, 57 L. Ed. 2d 24, 29 (1978)). Therefore, we will analyze this case under federal double jeopardy standards.

The Double Jeopardy Clause protects against: (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense. *Taft*, 506 N.W.2d at 760 (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 2076, 23 L. Ed. 2d 656, 664–65 (1969)). We have previously stated:

> The constitutional prohibition against double jeopardy was "designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." It is based upon the principles of finality and the prevention of prosecutorial overreaching. The principle reflects a concern that a state should not be

allowed to make repeated attempts to convict an individual for an alleged offense.

*Franzen,* 495 N.W.2d at 716 (quoting *Green v. United States,* 355 U.S. 184, 187, 78 S. Ct. 221, 223, 2 L. Ed. 2d 199, 204 (1957)) (other citations omitted). The protections of the Double Jeopardy Clause are implicated only when the accused is actually placed in jeopardy. *Martin Linen,* 430 U.S. at 569, 97 S. Ct. at 1353, 51 L. Ed. 2d at 650 (citing *Serfass v. United States,* 420 U.S. 377, 388, 95 S. Ct. 1055, 1062, 43 L. Ed. 2d 265, 274 (1975)). "This state of jeopardy attaches when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *Id.* (citing *Illinois v. Somerville,* 410 U.S. 458, 471, 93 S. Ct. 1066, 1073, 35 L. Ed. 2d 425, 435 (1973) (White, J., dissenting)). It terminates when the jury reaches a verdict or the trial judge enters a final judgment of acquittal. *United States v. Byrne,* 203 F.3d 671, 673 (9th Cir. 2000) (citing *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S. Ct. 671, 672, 7 L. Ed. 2d 629, 631 (1962)). The question, therefore, is when an acquittal is considered a final judgment.

The State asserts that "[a] judgment is not valid and final until the clerk enters the court's order in the record book." Thus, it argues, before entry of final judgment, the court's rulings are interlocutory, and the court remains free to correct an erroneous grant of acquittal. Kramer argues that the moment the district court uttered the words "the motion for acquittal is granted," jeopardy terminated, and the ruling could not be revised.

The United States Supreme Court declared, "we have long held that the Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict." *Smith v. Massachusetts,*

543 U.S. 462, 467, 125 S. Ct. 1129, 1133, 160 L. Ed. 2d 914, 922 (2005). The Court defines an acquittal as an order that "actually represents a resolution, *correct or not*, of some or all of the factual elements of the offense charged." *Martin Linen*, 430 U.S. at 571, 97 S. Ct. at 1354, 51 L. Ed. 2d at 651 (emphasis added). The Court also stated:

> [A] judgment of acquittal is a substantive determination that the prosecution has failed to carry its burden. Thus, even when the jury is the *primary* factfinder, the trial judge still resolves elements of the offense in granting a . . . motion [for a directed verdict of acquittal].

*Smith*, 543 U.S. at 468, 125 S. Ct. at 1134–35, 160 L. Ed. 2d at 923. In this case, the district court judge initially stated "the Court orders a directed verdict of acquittal on the defendant's motion."

We are first asked to decide what is a final judgment under the Double Jeopardy Clause, i.e., whether the district court can reconsider an oral acquittal or if the acquittal became final upon utterance. Because of our ultimate resolution of this case determining that Kramer cannot be retried, this issue is moot. Where, however, an issue is of broad public importance and likely to recur, we may still consider the issue.

> In determining whether we should review a moot action, we consider four factors. These factors include: (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.

*State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002). We have noted that the last factor is the most important. *Id.* We find that the issue of whether an oral grant of acquittal can be immediately revised is such an issue.

We determine the mere utterance of the words did not preclude revision of the initial acquittal under the facts of this case. Although we have not determined by rule or statute what constitutes a final judgment in a criminal matter, Iowa Rule of Civil Procedure 1.959 provides: "All judgments and orders must be entered on the record of the court and clearly specify the relief granted or the order made." There is no comparable provision in the criminal rules. We have, however, long allowed the correction of an order before its entry on the docket. *State v. Manley*, 63 Iowa 344, 344, 19 N.W. 211, 211 (1884) ("What precedes the entry of record is the mere announcement of the judge's mental conclusion, and is not the court's action.").

This is consistent with the United States Supreme Court's discussion in *Smith* of the ability of a court to correct an erroneous announcement of acquittal.

> Double-jeopardy principles have never been thought to bar the *immediate repair* of a genuine error in the announcement of an acquittal, even one rendered by a jury. And of course States can protect themselves still further against the "occasional errors" of law that the dissent thinks "inevitabl[e]" in the course of trial, by rendering midtrial acquittal nonfinal. . . .
>
> Prosecutors are not without protection against ill-considered acquittal rulings. States can and do craft procedural rules that allow trial judges "the maximum opportunity to consider with care a pending acquittal motion," including the option of deferring consideration until after the verdict. Moreover, a prosecutor can seek to persuade the court to correct its legal error before it rules, *or at least before the proceedings move forward.* Indeed, the prosecutor in this case convinced the judge to reconsider her acquittal ruling on the basis of legal authority he had obtained during a 15-minute recess before closing arguments. Had he sought a short continuance at the time of the acquittal motion, the matter could have been resolved satisfactorily *before petitioner went forward with his case.*

*Smith,* 543 U.S. at 474–75, 125 S. Ct. at 1138, 160 L. Ed. 2d at 927 (quoting *Martin Linen,* 430 U.S. at 574, 97 S. Ct. at 1356, 51 L. Ed. 2d at 653) (other citations omitted) (emphasis added).

Although the court in *Smith* found double jeopardy to bar the correction of an erroneous grant of acquittal, the facts are distinguishable from this case. In *Smith,* the defendant was charged with three counts. The defendant sought acquittal on one charge which was allegedly erroneously granted. The court found this acquittal to be "a facially unqualified midtrial dismissal on one count." *Id.* at 463, 125 S. Ct. at 1132, 160 L. Ed. 2d at 920. The defendant then proceeded with his defense on the remaining charges. At the end of the trial, however, the judge reversed herself and submitted the dismissed count. On appeal, the Court found that to allow reinstatement of the charge would prejudice Smith who had proceeded in his defense under the assumption that one of the charges was dismissed. The Court also noted that Massachusetts has no rule or case authority on the ability to change midtrial rulings. Under those circumstances, reinstatement of the dismissed count was barred. *Id.* at 462–63, 125 S. Ct. at 1131–32, 160 L. Ed. 2d at 919–20.

This case would have presented a much different fact situation had the court merely revised its ruling before further proceedings. The acquittal had not been entered on the docket, and there is Iowa case authority which would allow the judge to amend his ruling prior to entry on the docket. The proceedings had not moved forward, and there was only a slight delay before the reconsideration. Kramer would have suffered no prejudice. The United States Supreme Court has noted that "as a general matter state law may prescribe that a judge's midtrial determination of the sufficiency of the State's proof can be reconsidered."

*Id.* at 470, 125 S. Ct. at 1136, 160 L. Ed. 2d at 925. To the extent we have not done so previously, we now hold that a judge may amend an erroneous directed verdict of acquittal where the ruling is corrected immediately and prior to any further proceedings. Therefore, had the court stood by his corrected ruling and resumed the trial, double jeopardy would not have been offended.

The ultimate resolution in this case, however, turns on the fact that the trial judge reinstated the initial judgment of acquittal after the defendant claimed that to overrule that judgment of acquittal would violate double jeopardy. The trial transcript shows that immediately following the judge's pronouncement that the acquittal stood, the proceedings ended, and the jury was dismissed. It is this second acquittal that bars retrial notwithstanding its erroneous underpinning. As the United States Supreme Court has noted under analogous circumstances,

> To this extent, we believe the ruling below is properly to be characterized as an erroneous evidentiary ruling, which led to an acquittal for insufficient evidence. That judgment of acquittal, however erroneous, bars further prosecution on any aspect of the count and hence bars appellate review of the trial court's error.

*Sanabria v. United States*, 437 U.S. 54, 68–69, 98 S. Ct. 2170, 2181, 57 L. Ed. 2d 43, 56–57 (1978). Similarly, in *Taft*, we stated:

> The United States Supreme Court has long held that a verdict of acquittal cannot be reviewed for *any* reason without violating the Double Jeopardy Clause. And, this perhaps has been the most fundamental rule in the history of double jeopardy jurisprudence. The rule is so jealously guarded, that a review is not permitted even if "the acquittal was based upon an egregiously erroneous foundation."

*Taft*, 506 N.W.2d at 760 (quoting *Fong Foo*, 369 U.S. at 143, 82 S. Ct. at 672, 7 L. Ed. 2d at 631) (other citations omitted). Thus, where the trial

judge noted the acquittal on the docket and dismissed the jury, because of an erroneous belief that he could not revise his initial ruling without offending double jeopardy, jeopardy terminated, and Kramer cannot be retried.[1]

**V.  Disposition.**

We hold that the trial judge erred in declaring that he could not amend his initial grant of acquittal.  We find, however, that when the trial judge dismissed the case a second time, entered the dismissal on the docket, and dismissed the jury, jeopardy terminated.  Therefore, the Double Jeopardy Clause of the United States Constitution bars retrial of this matter.

**AFFIRMED.**

---

[1]We do not decide today what form the acquittal must take before it is effective for double jeopardy purposes.  In *Taft*, we noted that a court could not recall a jury without violating double jeopardy.  506 N.W.2d at 760.  Some state courts have held that a court-directed judgment of acquittal is not effective until it is signed and entered in the docket.  *See Harden v. State*, 287 S.E.2d 329, 331 (Ga. Ct. App. 1981); *see also Watson v. State*, 410 So.2d 207, 209 (Fla. Dist. Ct. App. 1982) (not final until the motion hearing is concluded); *State v. Collins*, 771 P.2d 350, 353 (Wash. 1989) (not final until a form order is issued).