# IN THE SUPREME COURT OF IOWA

No. 08–2025

Filed December 18, 2009

**IN THE INTEREST OF Z.S.,**
    Minor Child,

**STATE OF IOWA,**
    Appellant.

Appeal from the Iowa District Court for Polk County, Joe E. Smith, Judge.

The State appeals the dismissal of a delinquency petition after the juvenile court found the minor child did not commit two counts of assault with intent to commit sexual abuse. **AFFIRMED.**

Thomas J. Miller, Attorney General, Bruce Kempkes, Assistant Attorney General, John Sarcone, County Attorney, Michelle Chenoweth, Assistant County Attorney, for appellant.

Todd E. Babich and Kodi A. Petersen, Babich, Goldman, Cashatt & Renzo, P.C., Des Moines, for appellee minor child.

**BAKER, Justice**.

The State appeals the dismissal of a delinquency petition after the juvenile court found the minor child, Z.S., did not commit two counts of assault with intent to commit sexual abuse. Before appealing, the State moved for the juvenile court to expand its findings of fact and conclusions of law to determine whether Z.S. committed assault, a lesser-included offense, and the court refused, stating it had no authority to revisit its previous order. We are asked to determine: (1) whether the juvenile court had an affirmative duty to address any lesser-included offenses even in the absence of a request from the State and (2) whether the juvenile court had authority, if not a duty, to expand its findings and conclusions of law when it neglected to address a lesser-included offense that received evidentiary support or whether double jeopardy prevented the juvenile court from revising its dismissal order. We determine the juvenile court could have ruled on the lesser-included charge of simple assault, but jeopardy terminated when the court issued its dismissal order, and the charge of simple assault cannot be revisited without violating the double jeopardy principles contained in the United States and Iowa Constitutions.

## I. Background Facts and Proceedings.

In July 2008, the State filed a delinquency petition against Z.S. alleging he had committed two counts of assault with intent to commit sexual abuse in violation of Iowa Code sections 708.1 and 709.11 (2007). These allegations were the product of two different incidents where Z.S. touched the breast of his ten-year-old half-sister C.V.

A contested delinquency action was heard by the juvenile court at which Z.S. admitted to touching C.V.'s breasts inappropriately. During the juvenile proceedings, the State never specifically asked the court to

rule on the lesser-included offense of assault. Instead, in its closing statement, the State declared Z.S. had already confessed to assault and stated "the fighting issue is obviously the intent to commit sexual abuse." In his closing statement, Z.S.'s attorney announced that he did not disagree with the county attorney's position on the occurrence of a simple assault.

The juvenile court issued an order finding Z.S. did not commit two counts of assault with intent to commit sexual abuse and dismissed the State's petition. The court, quoting *State v. Radeke*, 444 N.W.2d 476, 478 (Iowa 1989), stated it could not "conclude that [Z.S.]'s conduct '[r]each[ed] far enough towards the accomplishment, toward the desired result, to amount to the commencement of the consummation.'" The court did not rule on the lesser offense of simple assault, but in its analysis of the intent to commit sexual abuse charges stated that "all parties agree [a simple assault] happened here."

Five days after the court issued the order, the State filed a motion with the juvenile court to enlarge its findings and set aside its dismissal of the State's petition. The State requested the court make a finding on whether Z.S. had committed assault, a lesser-included offense of assault with intent to commit sexual abuse. Z.S. filed a resistance to the State's motion. In this resistance, Z.S. argued the court lacked authority to enlarge its findings, the State waived the offense of simple assault by not specifically requesting the court rule on that offense, and the State failed to establish beyond a reasonable doubt that Z.S. committed the act of simple assault.

After a hearing on the State's motion, the juvenile court held it had no authority to revisit or enlarge its adjudicatory order. The State appealed.

## II. Scope of Review.

"Delinquency proceedings are not criminal proceedings but are special proceedings that serve as an alternative to a criminal prosecution of the child with the best interest of the child as the objective." *In re J.A.L.*, 694 N.W.2d 748, 751 (Iowa 2005); *see also* Iowa Code § 232.1 (stating the chapter on juvenile justice matters shall be liberally construed to provide outcomes that will best serve the child's welfare and the best interest of the state). The scope of review for juvenile court matters is de novo for both questions of law and fact. *In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996).

The State has requested the juvenile court enlarge its findings and set aside its dismissal of the State's petition against Z.S. We have previously stated "[a] verdict of acquittal cannot be reviewed, whether for error or otherwise, without violating the Double Jeopardy Clause." *State v. Kramer*, 760 N.W.2d 190, 193 (Iowa 2009). Z.S. argues the juvenile court's dismissal of the State's petition was the equivalent of an acquittal and to enlarge or revisit the petition would offend double jeopardy principles. This is a constitutional claim, and we review constitutional questions de novo. *Id.* at 193–94.

## III. Discussion and Analysis.

The State makes two separate claims in this case: (1) juvenile courts have an affirmative duty to address all lesser-included offenses in adjudicatory rulings and (2) juvenile courts have authority, if not a duty, to expand their findings and conclusions of law when they neglect to address lesser-included offenses that received evidentiary support. While Z.S. concedes juvenile courts may have the authority to consider lesser-included offenses, he argues the court's failure to rule on the offense of simple assault prior to the court's dismissal of the petition against him

cannot be revisited without violating the double jeopardy principles contained in the United States and Iowa Constitutions.

**A. Double Jeopardy.** The Double Jeopardy Clause of the United States Constitution states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The double jeopardy provision of the Iowa Constitution provides "[n]o person shall after acquittal, be tried for the same offense." Iowa Const. art. I, § 12. However, the Double Jeopardy Clause of the United States Constitution is applied to state criminal trials through the due process provision of the Fourteenth Amendment. *State v. Franzen,* 495 N.W.2d 714, 715 (Iowa 1993). We have used the same constitutional standards for determining when double jeopardy terminates under the state and federal constitutions. *See Kramer,* 760 N.W.2d at 194. Therefore, we may analyze this case under federal double jeopardy standards. *Id.*

The Double Jeopardy Clause protects against: "(1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *Id.* As we have previously stated, the Clause is

> "designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." It is based upon the principles of finality and the prevention of prosecutorial overreaching. The principle reflects a concern that a state should not be allowed to make repeated attempts to convict an individual for an alleged offense.

*Franzen,* 495 N.W.2d at 716 (quoting *Green v. United States,* 355 U.S. 184, 187, 78 S. Ct. 221, 223, 2 L. Ed. 2d 199, 204 (1957)).

In *Breed,* the United States Supreme Court declared a juvenile offender in a delinquency proceeding enjoys the constitutional protection of double jeopardy. *Breed v. Jones,* 421 U.S. 519, 531, 95 S. Ct. 1779,

1786–87, 44 L. Ed. 2d 346, 357 (1975). Jeopardy attaches to the juvenile "when the Juvenile Court, as the trier of facts, beg[ins] to hear evidence." *Id.* Just like in adult criminal proceedings, jeopardy terminates when the trial judge enters a final judgment of acquittal. *United States v. Byrne,* 203 F.3d 671, 673 (9th Cir. 2000) (citing *Fong Foo v. United States,* 369 U.S. 141, 143, 82 S. Ct. 671, 672, 7 L. Ed. 2d 629, 631 (1962)).

"[T]he Double Jeopardy Clause of the Fifth Amendment prohibits reexamination of a court-decreed acquittal to the same extent it prohibits reexamination of an acquittal by jury verdict." *Smith v. Massachusetts,* 543 U.S. 462, 467, 125 S. Ct. 1129, 1133, 160 L. Ed. 2d 914, 922 (2005). An acquittal is an order that "actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged." *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 571, 97 S. Ct. 1349, 1354, 51 L. Ed. 2d 642, 651 (1977); *accord Kramer,* 760 N.W.2d at 195.

The juvenile court's dismissal of the State's petition was an acquittal because it resolved the factual elements of the offense charged. The State claims the juvenile court has the authority, if not a duty, to expand its findings and conclusions of law when it neglects to address lesser-included offenses that received evidentiary support in its adjudicatory order, as it did in Z.S.'s case. At the hearing addressing the State's motion to enlarge the juvenile court's findings and set aside the dismissal petition, the State argued the court had authority to revisit its findings under Iowa Rule of Civil Procedure 1.904 (which authorizes the enlargement, amendment, or modification of a court judgment in civil proceedings). The State has also cited as authority four Iowa Rules of Criminal Procedure: rules 2.22(3), 2.6, 2.23(*g*), and 2.24(2)(*e*). We find

that none of the rules cited by the State provide any authority to revisit this action once the delinquency petition was dismissed, as none of the rules would allow us to avoid a violation of the Double Jeopardy Clause.

An acquittal "cannot be reviewed, for error or otherwise, without violating the Double Jeopardy Clause." *Kramer*, 760 N.W.2d at 193; *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993). The court's failure to rule on the offense of simple assault prior to the court's dismissal of the petition against Z.S. cannot be revisited without violating the double jeopardy principles contained in the United States and Iowa Constitutions, as he has already been tried and acquitted. *See State v. Burgess*, 639 N.W.2d 564, 568 (Iowa 2001) ("If an offense is a lesser-included one of the offense charged, a conviction or acquittal of the charged offense bars a subsequent prosecution of the lesser offense."). The juvenile court's dismissal cannot be revisited.

**B. Duty to Address Lesser-Included Offenses.** The State also claims that juvenile courts have an affirmative duty to address all lesser-included offenses in adjudicatory rulings, and it was error for the court to neglect to make a finding on whether Z.S. committed simple assault. Because of our determination that Z.S. cannot be retried, this issue is moot. Where, however, an issue is of broad public importance and likely to recur, we may still consider the issue. *State v. Hernandez-Lopez*, 639 N.W.2d 226, 234 (Iowa 2002).

> In determining whether we should review a moot action, we consider four factors. These factors include: (1) the private or public nature of the issue; (2) the desirability of an authoritative adjudication to guide public officials in their future conduct; (3) the likelihood of the recurrence of the issue; and (4) the likelihood the issue will recur yet evade appellate review.

*Id.* We have noted that the last factor is the most important. *Id.*

Iowa Rule of Criminal Procedure 2.6(3) provides the court guidance on whether an affirmative duty exists to address all lesser-included offenses when adults are involved,[1] but there is no corresponding rule for juvenile delinquency proceedings. Further, we believe that this issue is likely to recur, yet evade appellate review because double jeopardy, as here, prevents the court from reaching the issue. Therefore, we find that the issue of whether the court should consider lesser-included offenses in a juvenile delinquency proceeding is an issue we should address.

Iowa Code section 232.47(8) declares the juvenile court "shall make a finding as to whether the child has committed a delinquent act." The State asserts that a delinquency petition outlining a greater alleged offense places the child on notice of any lesser-included offenses, and the court, therefore, has a duty to address any lesser-included offenses. During Z.S.'s juvenile proceedings, the State never asked the court to rule on the lesser-included offense. Z.S. argues the State waived this offense by not specifically requesting the court rule on simple assault.

All juvenile proceedings are governed by Iowa Code chapter 232, entitled "Juvenile Justice." Part four of Division II of this chapter specifically addresses judicial proceedings involving juvenile delinquency actions. We must determine whether, under Iowa Code section

---

[1]Iowa Rule of Criminal Procedure 2.6(3) provides:

**2.6(3)** *Duty of court to instruct.* In cases where the public offense charged may include some lesser offense, it is the duty of the trial court to instruct the jury, not only as to the public offense charged but as to all lesser offenses of which the accused might be found guilty under the indictment and upon the evidence adduced, even though such instructions have not been requested.

232.47(8), the juvenile court was required to rule on any lesser-included offenses.[2]

Approaches applied by other jurisdictions to determine whether a lesser-included offense instruction must be requested can be divided into three separate categories: trial integrity jurisdictions, party autonomy jurisdictions, and hybrid jurisdictions. *See State v. Cox*, 851 A.2d 1269, 1272 (Del. 2003); *see also In re Nathan L.*, 776 A.2d 1277, 1280–81 (N.H. 2001).

In trial integrity jurisdictions, courts require an instruction on any lesser-included offense supported by the evidence, even if neither party requests these instructions. *Cox*, 851 A.2d at 1272. The rationale behind this approach is that it is the judge's role is to fully instruct the jury on applicable law. *Id.*

In adult proceedings, this is the approach we have adopted. *See* Iowa R. Crim. P. 2.6(3). We have held that "[e]ven without a request, the court must instruct fully on all material issues, stating applicable legal principles supported by requisite evidence." *State v. Thomas*, 262 N.W.2d 607, 612 (Iowa 1978). No similar rule, however, is provided in Iowa Code chapter 232 or the Iowa Rules of Juvenile Procedure. *See* Iowa Rs. Juv. P. 8.1–.33; *see also In re Dugan*, 334 N.W.2d 300, 305 (Iowa 1983) (finding Iowa Rule of Criminal Procedure 5.3 is not applicable to juvenile hearings).

---

[2]This section reads:

> At the conclusion of an adjudicatory hearing, the court shall make a finding as to whether the child has committed a delinquent act. The court shall make and file written findings as to the truth of the specific allegations of the petition and as to whether the child has engaged in delinquent conduct.

Iowa Code § 232.47(8).

In party autonomy jurisdictions, the trial judge does not interfere with the parties' trial strategies. Trial judges, therefore, will not rule on a lesser-included offense with sufficient evidentiary support until a party requests it do so. Thus, the burden is first on the parties to determine whether a lesser-included offense instruction should be considered by the jury. *Cox*, 851 A.2d at 1272–73.

The third approach is known as the hybrid approach. *Id.* at 1273. In these jurisdictions, the trial judge has the discretion to instruct *sua sponte* on a lesser-included offense. *Id.* This approach attempts to take a middle ground and prohibit the all or nothing trial strategy allowed in party autonomy jurisdictions, while still giving the trial judge discretion over whether to consider a lesser-included offense even when not requested by one of the parties. *Id.*; *see also Nathan L.*, 776 A.2d at 1281.

We believe the purpose of the juvenile justice system is best served by affording the judge discretion to rule on lesser-included offenses, but not the obligation to rule on these offenses. In discussing this issue in a juvenile case, the New Hampshire Supreme Court noted:

> [The trial court] has an independent responsibility to determine the law to be applied in each case. In exercising that responsibility, the court must be able, either in reaching a verdict as the trier of fact or instructing the jury, to consider appropriate lesser-included offenses.
>
> There may, however, be cases where the trial judge agrees with the parties that, even though the evidence supports a lesser-included offense, no such instruction should be . . . considered by the judge as the trier of fact. The court may then, in the exercise of its sound discretion, decide not to consider the lesser-included offense.

*Nathan L.*, 776 A.2d at 1281; *see also In Interest of Rousselow*, 341 N.W.2d 760, 764 (Iowa 1983) ("Section 232.47(10) gives the juvenile

court the discretion to defer or withhold the order of adjudication of delinquency after making a finding that the juvenile has engaged in delinquent conduct.").

We have recognized that "juvenile delinquency proceedings are not criminal prosecutions; they are special proceedings that serve as an ameliorative alternative to the criminal prosecution of children." *In re J.D.S.*, 436 N.W.2d 342, 344 (Iowa 1989). By providing the court discretion, but not the obligation, to consider lesser-included offenses, the court is given the broadest discretion to realize the ameliorative purposes of the juvenile justice system. *See Dugan*, 334 N.W.2d at 305 ("The provisions of chapter 232 strive to retain the advantage of informal proceedings in juvenile court, while providing adequate safeguards to ensure that the juvenile's fundamental rights to a fair hearing are guaranteed. The informalities of the juvenile system are intended to benefit the juvenile." (Citation omitted.)).

Although Iowa Code section 232.47(8) states "the court shall make a finding as to whether the child has committed a delinquent act," subsection (10) provides that "[i]f the court finds that the child did engage in delinquent conduct, the court *may* enter an order adjudicating the child to have committed a delinquent act." (Emphasis added.) Depending on the nature of the delinquent act, the court also has wide discretion on disposition of the matter. *See* Iowa Code §§ 232.49–.54. Clearly discretion is contemplated in many facets of the proceedings when dealing with juveniles.[3] The ability to consider lesser-included offenses without the concomitant obligation to make a finding on them furthers this goal.

---

[3]Discretion is also contemplated before the delinquency petition is filed. Iowa Code § 232.35. Discretion is even contemplated during the course of an adjudicatory hearing. Iowa Code § 232.46; *see also Rousselow*, 341 N.W.2d at 764–65.

We hold the juvenile court has the discretion, but not the obligation, to consider any lesser-included offenses to the delinquent act charged. The juvenile court should have considered whether to rule on the lesser-included offense of simple assault even though the State did not specifically request a ruling on this offense, but was not required to rule on this offense.

**IV. Disposition.**

We hold the juvenile court had the discretion to rule on the lesser-included offense of simple assault, but was not required to rule on that offense; however, jeopardy terminated when the court issued its dismissal order, and the charge of simple assault cannot be revisited without violating the double jeopardy principles contained in the United States and Iowa Constitutions.

**AFFIRMED.**