# IN THE COURT OF APPEALS OF IOWA

No. 19-1264
Filed March 17, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RILEY AUGUSTUS MALLETT,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Following the vacation of the district court's ruling and remand, Riley Augustus Mallett appeals the denial of his motion for new trial on the charge of robbery. **AFFIRMED.**

Peter Stiefel, Victor, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2021).

**DANILSON, Senior Judge.**

Following the vacation of the district court's ruling and remand, Riley Augustus Mallett appeals the denial of his motion for new trial on the charge of robbery. Finding no abuse of discretion, we affirm.

**Background Facts.**

A jury found Mallett guilty of robbery in the first degree. On direct appeal, this court summarized the facts as follows:

> The first-degree-robbery charge arose out of a robbery of the Greenwood Pharmacy in Waterloo on February 10, 2015. That night, two men entered the premises; both had masks on, and one had a hand gun. One of the men wore distinctive black puffy pants with white stars.
> The intruder with the unusual pants pointed a gun at pharmacist Wesley Pilkington and handed him a note demanding "all the Xanax and Promethazine [and] Codein[e] before I shoot this bitch up." The intruder orally repeated the demand of the note. Pilkington did as ordered, and then the intruder took random drugs off of the shelf. The two intruders fled through the back door into a residential area. A silent alarm had been tripped by one of the pharmacy employees, and police arrived within minutes.
> Mallett was tracked through the snow and found hiding in a treehouse clothed in shorts even though the weather was cold. A pair of black puffy pants with white stars matching the unusual attire of one of the gun-wielding intruders was found within fifteen feet of the treehouse. Pilkington was able to identify Mallett as the intruder with a gun who demanded the drugs. When interviewed, Mallett initially stated he had been jogging but later stated he was a lookout for the robbery. Cody Plummer was also arrested in another yard and admitted he had been in the store. In a post-arrest interview, Plummer accurately described what had happened in the robbery. After taking statements from Mallett and Plummer and investigating further, it was determined that K'Von Henderson, Dayton Nelson, and Myles Anderson were also involved in the robbery, by assisting in the planning and hiding the loot afterward.
> Nelson testified on behalf of the State at trial. He testified he was with Mallet, Plummer, Henderson, and Anderson a day before the robbery when Mallett came up with the idea to rob the pharmacy and all agreed to participate. The final plan was that Mallett and Plummer were to rob the pharmacy and Nelson and Henderson were to be getaway drivers.

They gathered on the day of the robbery, and Nelson described the unique pants Mallett wore into the drug store. Anderson brought a handgun that they called "Billy," and Nelson saw Anderson hand the gun to either Mallett or Plummer. Nelson observed the two emerging from the drug store and stopped the vehicle he was driving. Mallett opened the trunk of the car, placed the gun and duffle bag in the trunk, and signaled Nelson to leave. Nelson took the loot to his residence, and in a subsequent search of Nelson's residence, medication was found and identified as drugs taken from the pharmacy. The trial commenced on November 24, 2015, but a mistrial was declared, and the trial was reset and began on February 9, 2016. A verdict of guilty on the count of first-degree robbery was returned as to Mallet, Plummer, and Henderson.

*State v. Mallett*, No. 16-0565, 2017 WL 4049318, at *1 (Iowa Ct. App. Sep. 13, 2017).

We rejected Mallett's claim of an illegal sentence and claims of ineffective assistance of trial counsel. *Id.* at *2–3. However, we remanded to the district court to consider the motion for new trial under the weight-of-the-evidence standard. *Id.* at *5.

On remand, the district court denied Mallett's motion for new trial without a hearing by concluding that "[t]he sufficiency of the evidence standard warrants the conviction of [Mallett]." Mallett appealed the district court's ruling and raised the single issue of whether the district court used the incorrect standard to rule on his motion for new trial. In a motion to reverse, the State agreed. On July 13, 2018, our supreme court granted the motion to reverse, vacated the ruling on the motion for new trial, and remanded the case to the district court to rule on Mallett's motion for new trial using the weight-of-the-evidence standard.

On the second remand, the district court again denied Mallett's motion for new trial without a hearing by concluding that "[t]he evidence was more than sufficient to warrant a conviction." Mallett appealed again. And the State again

filed a motion to reverse, asserting the district court did not apply the proper weight-of-the-evidence standard. On April 30, 2019, the supreme court granted the State's motion, vacated the ruling on the motion for new trial, and remanded for the application of the proper weight-of-the-evidence standard.

On June 3, 2019, Mallett filed a pro se brief concerning his motion for new trial in the district court, arguing about the reliability of the eyewitness identification, the corroboration and credibility of the accomplice testimony, the evidence favoring Mallett, the lack of authentication of handwriting in the robbery note, other evidence in his favor, requesting a charge similar to a co-defendant, and complaints about the jury instructions.

A hearing was held on July 19, 2019, and the court considered the parties' arguments and issued its written ruling that same date:

> The remand is for determination of the weight of the evidence to warrant a conclusion that Mr. Mallett was guilty of the alleged crime.
> Reviewing the evidence in its entirety, both the State's evidence and defense's evidence, the weight of the evidence clearly establishes that the jury acted properly in concluding that the defendant committed the robbery in question by evidence beyond a reasonable doubt. The State presented the testimony of Dayton Nelson and Wesley Pilkington of the Greenwood Pharmacy. Both establish beyond a reasonable doubt that defendant participated in the robbery as the defense did concede in its hearing this date. The defense argues additional matters such as the sufficiency of the instructions and whether defendant knew that he and his co-robber would be armed with a weapon. Neither of those issues is before the court on remand.
> Considering the weight of all of the evidence, the court denies defense's motion for a new trial.

Mallett appeals. He points to the court's oral statements at the hearing and asserts the district court again used the wrong standard. In the alternative, Mallett contends that if the court did employ the correct standard, it abused its discretion

in denying the motion. We have also been tasked by the supreme court to rule on the State's pending motion to strike Mallett's pro se brief.

**Right to Appeal.**

But first, we must address the State's claim that Mallett has no right to appeal from the denial of his motion for new trial. We are not persuaded by the State's cited authorities, which address motions for new trial filed after final judgment was entered. *See State v. Anderson*, No. 14-1767, 2016 WL 3272143, at *3 (Iowa Ct. App. June 15, 2016) (addressing a post-sentencing Iowa Rule of Criminal Procedure 2.24 motion for new trial based on new evidence more than two years after the final judgment of sentence and determining "an appeal from the denial of a postjudgment motion for new trial must be taken either: (1) by application for discretionary review under Iowa Rule of Appellate Procedure 6.106 of '[a]n order raising a question of law important to the judiciary and the profession' as permitted by Iowa Code section 814.6(2)(e), or (2) on petition for writ of certiorari under Iowa Rule of Appellate Procedure 6.107, as a claim the district court exceeded its jurisdiction or otherwise acted illegally"); *see also State v. LePon,* No. 18-0777, 2019 WL 2369887, at *3 (Iowa Ct. App. June 5, 2019) (finding a motion for new trial filed ten days after judgment entered was reviewable by writ of certiorari not direct appeal).

Mallett filed his motion for new trial prior to judgment pursuant to Iowa Rule of Criminal Procedure 2.24(2)(b)(6), arguing that the jury's verdict was contrary to the evidence. On the subsequent appeals, our supreme court vacated the district court's ruling on that motion. Therefore, the court's order of July 19, 2019, is a ruling "affecting the outcome of the case," and is appealable. *See State v. Farmer*,

234 N.W.2d 89, 90 (Iowa 1975) ("[R]ulings of the court affecting the outcome of the case are reviewable upon appeal from final judgment when error has been properly preserved.").

**Scope and Standard of Review.**

We review rulings on motions for new trial for abuse of discretion. *See State v. Serrato*, 787 N.W.2d 462, 472 (Iowa 2010). "On a weight-of-the-evidence claim, appellate review is limited to a review of the exercise of discretion by the trial court, not of the underlying question of whether the verdict is against the weight of the evidence." *State v. Reeves*, 670 N.W.2d 199, 203 (Iowa 2003). The district court "has broad discretion in ruling on a motion for new trial." *Id.* at 202. The weight-of-the-evidence analysis allows the court to consider witness credibility and does not require the court to view the evidence in the light most favorable to the verdict. *Id.* We "are slower to interfere with the grant of new trial than with its denial." *Id.* at 202–03.

Mallett argues the district court did not use the proper standard on remand. He points to these oral statements by the court:

> The sufficiency of the evidence clearly establishes guilt beyond a reasonable doubt. There's no question but that Mr. Mallett was one of the robbers of the pharmacy—Greenwood Pharmacy. There's no question but that Dayton Nelson—Dayton Nelson identified him as such. There's no question but that he was wearing unusual pants that—where he was found shortly after the robbery.
> The jury has passed on this. The court of appeals passed on it. The Iowa Supreme Court passed on it. And the evidence was overwhelming sufficiently—sufficient to convict him. If you consider all of the evidence, the State's evidence, the defense's evidence, there's absolutely no question but that there was sufficient evidence to warrant the jury's conclusion. The motion is denied.

We are not persuaded the district court employed an improper standard. While it is unfortunate the district court muddied the waters by using the term "sufficient" in its oral announcement, it is apparent the court did make implicit credibility findings. For example, in finding "no question but that Mr. Mallett was one of the robbers of the pharmacy," the court implicitly determined Dayton Nelson's identification to be credible. And the court stated, "If you consider all of the evidence, the State's evidence, the defense's evidence, there's absolutely no question" of Mallett's guilt. Descriptives such as "no question" and "overwhelming" denote an assessment of the weight of the evidence. *See State v. Fortune*, No. 16-0360, 2017 WL 2875866, at *4 (Iowa Ct. App. July 6, 2017) ("In addition, the district court concluded the evidence was overwhelming, indicating an assessment of the weight of the evidence."). The court's written ruling shows the district court used the correct standard in ruling on Mallett's motion. Moreover, an oral pronouncement of a ruling may be amended or corrected by the written ruling. *See Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109, 111–12 (Iowa 1981) (concluding our civil procedural rules require written rulings for the benefit of an accurate record and the public); *see also State v. Kramer*, 760 N.W.2d 190, 195–97 (Iowa 2009) (concluding an oral pronouncement of acquittal may be amended by a subsequent written ruling); *Willson v. Dist. Ct. of Polk Cnty.*, 147 N.W. 766, 768–69 (Iowa 1914) (concluding the court may change its ruling before it is entered in written form and signed).[1]

---

[1] One notable exception relates to the pronouncement of a defendant's sentence where the oral pronouncement of a legal sentence controls over the written record if a conflict exists between the two. *State v. Hess*, 533 N.W.2d 525, 527–28 (Iowa 1995).

**No Abuse of Discretion.**

Because a motion for new trial alleging the verdict is against the weight of the evidence concedes sufficient evidence to support the jury's verdict, a motion for new trial should be granted only in extraordinary cases when "the evidence preponderates heavily against the verdict rendered." *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). This is not such a case, and we find no abuse of discretion in the district court denying Mallett's motion for new trial.

**Motion to Strike Pro Se Supplemental Brief.**

On appeal, the State filed a motion to strike Mallett's pro se brief,[2] contending a recently-enacted provision now prohibits a represented party from filing any pro se document in any Iowa court. *See* 2019 Iowa Acts ch. 140, § 30 (codified at Iowa Code § 814.6A (2020)). The supreme court ordered the issue submitted with the appeal.

Iowa Code section 814.6A(1) provides, "A defendant who is currently represented by counsel shall not file any pro se document, including a brief, reply brief, or motion, in any Iowa court. The court shall not consider, and opposing counsel shall not respond to, such pro se filings." This amendment became effective July 1, 2019.

The pro se brief or motion was filed in this appeal on July 22, 2020, but the same document was filed in the district court on June 3, 2019—before the provision became effective. In any event, the pro se brief addresses the rationale

---

[2] The State and Mallett's appellate counsel refer to the document as a pro se brief, however, the document is captioned as a "Pro Se Motion for New Trial Using Weight of the Evidence Standard."

for the motion for new trial and does not address whether the court abused its discretion in denying the motion for new trial. Our review is limited to whether the district court abused its broad discretion and "not of the underlying question of whether the verdict is against the weight of the evidence." *Reeves*, 670 N.W.2d at 203. Finding no abuse of discretion, we affirm the denial of the motion for new trial.

**AFFIRMED.**