IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JOSEPH DICKINSON, | § | |
| | § | No. 603, 2014 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | the State of Delaware in and for |
| v. | § | New Castle County |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 0901009990A |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: December 15, 2014
Decided: February 23, 2015

Before **STRINE**, Chief Justice, **HOLLAND** and **VALIHURA**, Justices.

**O R D E R**

This 23rd day of February 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm filed under Supreme Court Rule 25(a), and the Superior Court record, it appears to the Court that:

(1)     In September 2009, a Superior Court jury found the appellant, Joseph Dickinson, guilty of Attempted Robbery in the First Degree, a class B felony, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and other offenses.   In January 2010, the Superior Court sentenced Dickinson as a habitual offender to life in prison for attempted robbery and to five years at Level V for PFDCF and additional time at Level V for the other offenses.   On direct appeal, this Court affirmed Dickinson's

convictions,[1] and in 2013, we affirmed the Superior Court's denial of Dickinson's motion for postconviction relief.[2]

(2)    In September 2014, Dickinson filed a motion for correction of illegal sentence under Superior Court Criminal Rule 35(a) ("Rule 35(a)"). Dickinson alleged that there was insufficient probable cause and insufficient evidence to charge and convict him of attempted robbery. Dickinson also alleged that the consecutive sentences imposed for attempted robbery and PFDCF subjected him to double jeopardy.[3] By order dated September 30, 2014, the Superior Court denied Dickinson's motion. This appeal followed.

(3)    Having carefully considered the parties' positions on appeal and the Superior Court record, we conclude that the Superior Court judgment should be affirmed. The Superior Court concluded and we agree that, procedurally, Dickinson's collateral attack on his attempted robbery conviction was not properly raised under Rule 35(a). The limited purpose of Rule 35(a) is to permit correction of an illegal sentence, not to attack the

---

[1] *Dickinson v. State*, 8 A.3d 1166 (Del. 2010).

[2] *State v. Dickinson*, 2012 WL 3573943 (Del. Super. Aug. 17, 2012), *aff'd*, 2013 WL 1296263 (Del. Mar. 28, 2013).

[3] The Double Jeopardy Clauses of the United States and Delaware Constitutions protect a criminal defendant against multiple punishments or successive prosecutions for the same offense. U.S. Const. amend. V; Del. Const. art. I, § 8. *See Evans v. State*, 445 A.2d 932, 933 (Del. 1982).

2

validity of a conviction.[4] Also, although not addressed by the Superior Court, substantively, Dickinson's claim of a double jeopardy violation is without merit. "It is well-established law that a defendant may be convicted of a firearm or weapon offense used during the commission of a felony and also be separately convicted and punished for the underlying felony."[5]

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Randy J. Holland*
Justice

---

[4] *See Reed v. State*, 2015 WL 667525, at ¶ 9 (Del. Feb. 12, 2015) (citing *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998)). *Cf.* Del. Super. Ct. Crim. R. 61(a)(1), (2) (providing that Rule 61 provides the exclusive remedy for a collateral attack upon a criminal conviction).

[5] *See Wynn v. State*, 2014 WL 4670861, at ¶ 5 (Del. Sept. 19, 2014) (citing *Nance v. State*, 903 A.2d 283, 288 (Del. 2006); *Samuel v. State*, 1997 WL 317362 (Del. Apr. 16, 1997)). *See also Grier v. State*, 2015 WL 176180, at ¶ 6 (Del. Jan. 13, 2015) (citing *LeCompte v. State*, 516 A.2d 898, 900-03 (Del. 1986)).