**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

|                          |   |                      |
|--------------------------|---|----------------------|
| STATE OF DELAWARE        | ) |                      |
|                          | ) |                      |
| v.                       | ) | I.D. No. 0901009990A |
|                          | ) |                      |
| JOSEPH DICKINSON,        | ) |                      |
|                          | ) |                      |
| Defendant.               | ) |                      |
|                          | ) |                      |

Submitted: November 19, 2015
Decided:  February 15, 2016

On Defendant's Second Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# <u>ORDER</u>

John W. Downs, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State.

Joseph Dickinson, James T. Vaughn Correctional Center, Smyrna, Delaware, *pro se*.

COOCH, R.J.

   This 15th day of February, 2016, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

   1.     On September 18, 2009, Defendant Joseph Dickinson was found guilty after a trial of Attempted Robbery First Degree; Possession of a Firearm During the Commission of a Felony; Burglary Second Degree; Conspiracy Second Degree; and Possession of a Destructive Weapon.[1]  Defendant was deemed to be a habitual offender and sentenced to life imprisonment for his Attempted Robbery First Degree conviction, plus eight

---

[1] Verdict Sheet, D.I. 36 (Sept. 16, 2009).

years at Level V for his other convictions.[2] On December 8, 2010, Defendant's conviction was upheld by the Delaware Supreme Court.[3]

2. On January 21, 2012, Defendant, through counsel, filed his First Motion for Postconviction Relief. In his First Motion Defendant argued that ineffective trial counsel and due process violations resulted in an unfair trial.[4] However, Defendant's First Motion was denied by this Court on the merits on August 17, 2012.[5] Defendant, again through counsel, appealed this Court's denial of his First Motion to the Delaware Supreme Court.[6] The Delaware Supreme Court affirmed this Court's decision.[7]

3. On November 12, 2015, Defendant, acting *pro se*, filed a Second Motion for Postconviction Relief. Defendant's Second Motion only challenges his conviction of Attempted Robbery First Degree. Defendant now claims that his right to due process was violated because his indictment was "facially defective."[8] Defendant asserts that the indictment was facially defective because "[t]he term '[u]nknown [v]ictim' cannot be used to replace the name of a person sworn to be the victim."[9]

4. Defendant's Second Motion is controlled by Superior Court Criminal Rule 61.[10] Before addressing the merits of this

---

[2] Sentencing Order, D.I. 45 (Jan. 4, 2010).

[3] *Dickinson v. State*, 8 A.3d 1166, 1168 (Del. 2010) (en banc) (holding this Court was not required to give *sua sponte* an accomplice "level of liability" instruction).

[4] *State v. Dickinson*, 2012 WL 3573943, at* 1 (Del. Super. Aug. 17, 2012).

[5] *State v. Dickinson*, 2012 WL 3573943, at* 1 (Del. Super. Aug. 17, 2012).

[6] *Dickinson v. State*, Slip Opinion, 2013 WL 1296263, at *1 (Del. Mar. 28, 2013) (TABLE).

[7] *Dickinson v. State*, Slip Opinion, 2013 WL 1296263, at *1 (Del. Mar. 28, 2013) (TABLE).

[8] Def.'s Second Mot. for Postconviction Relief, at 10-11 (Nov. 12, 2015).

[9] *Id.* at 11. Defendant is relying on *Walton v. State*, 821 A.2d 871, 871 (Del. 2003) which states, "Robbery requires the existence of a named victim as a material element" in Westlaw Headnote three. However, *Walton*, and the cases it cites, involve the crime of Robbery. Defendant was convicted of Attempted Robbery.

[10] Super. Ct. Crim. R. 61.

Second Motion, the Court must address any procedural requirements.[11]

5.  A motion for postconviction relief can be procedurally barred for time limitations, successive motions, procedural defaults, and former adjudications.[12] If a procedural bar exists, the Court will not consider the merits of the postconviction claim unless the Defendant can show that, pursuant to Rule 61(d)(2), the procedural bars are inapplicable.

6.  Rule 61(d)(2) provides for consideration of otherwise procedurally barred claims in two different situations. First, when a defendant pleads with particularity that there is new evidence that creates a strong inference that the defendant is actually innocent.[13] Second, when the defendant pleads with particularity that a new rule of constitutional law that has been made to apply retroactively on collateral review by the United States Supreme Court or the Delaware Supreme Court renders the defendant's conviction or death sentence invalid.[14]

7.  Defendant's Second Motion is procedurally barred for two reasons. First, Defendant's Second Motion is time barred pursuant to Rule 61(i)(1).[15] Defendant filed more than 1 year after his judgment of conviction became final. Defendant's judgment of conviction became final on December 8, 2010.[16] Defendant filed this Motion on November 12, 2015, almost five years later.

8.  Defendant's Second Motion is also barred because it is a successive motion. Rule 61(i)(2) states, "No second or subsequent motion is permitted under this Rule unless the second or subsequent motion satisfies the pleading requirements in" Rule 61(d)(2). Defendant has failed to satisfy those pleading

---

[11] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[12] Super. Ct. Crim. R. 61(i)(1)-(4).

[13] Super. Ct. Crim. R. 61(d)(2)(i).

[14] Super. Ct. Crim. R. 61(d)(2)(ii).

[15] *See* Super. Ct. Crim. R. 61(i)(1) (barring postconviction motions filed more than 1 year after judgment of conviction is final).

[16] *Felton v. State*, 2008 WL 308231, at* 2 (Del. Feb. 1, 2008) (TABLE) (measuring the start of the filing period for a Rule 61 motion from the date the direct Supreme Court mandate was issued and direct appeal process concluded).

requirements.  Defendant has not plead with any particularity that new evidence exists to create a strong inference that he is actually innocent.  Nor has Defendant asserted any new rule of constitutional law has been made to apply retroactively to cases on collateral view and renders his conviction invalid.

Therefore, Defendant's Second Motion is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, R.J.

oc:    Prothonotary
cc:    Investigative Services