Melvin KELLUM, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff-Below, Appellee.
No. 405, 2007.
Supreme Court of Delaware.
Submitted: March 26, 2008.
Decided: May 16, 2008.
Before STEELE, Chief Justice, BERGER and RIDGELY, Justices.

ORDER
CAROLYN BERGER, Justice.
This 16th day of May, 2008, on consideration of the briefs of the parties, it appears to the Court that:
1) Melvin Kellum appeals his conviction, following a jury trial, of assault first degree, possession of a firearm during the commission of a felony, and possession of a deadly weapon by a person prohibited. His sole argument on appeal is that the trial court erred by instructing the jury on the lesser-included offense of assault first degree. We find no error and affirm.
2) On March 10, 2006, Adrien Turner, a drug dealer, was sitting on an electrical box on a street corner in Wilmington. His brother and several other people were present. Kellum approached Turner, and the two started to talk. When the talk turned into an argument, Kellum pulled out a gun and shot Turner in the thigh. Turner fell off the electrical box, and Kellum shot him four more times in the waist area. Kellum then fled, and one of the people with Turner took him to the hospital.
3) Turner identified Kellum twice from photo arrays. At trial, however, Turner denied that Kellum shot him. He explained that he had identified Kellum to the police because he had some issues with Kellum concerning a woman. Turner claimed that he was shot by an unknown stranger. Turner's brother also failed to identify Kellum as the shooter. Kellum presented an alibi defense.
4) Although Kellum had been charged with attempted murder first degree, the State asked the court to instruct the jury on the lesser-included offense of assault first degree. Kellum objected, but the trial court gave the instruction. The jury acquitted Kellum on the attempted murder charge and found him guilty of assault.
5) At the request of either party, the trial court must give a lesser-included offense instruction, "if the evidence presented is such that a jury could rationally find the defendant guilty of the lesser-included offense and acquit the defendant of the greater offense."[1] To convict Kellum of attempted murder, the jury would have to find that he intentionally took a substantial step in a plan to cause Turner's death.[2] To convict Kellum of assault first degree, the jury would have to find that he intentionally caused serious physical injury to Turner by means of a deadly weapon.[3] "Serious physical injury" is defined as " physical injury which creates a substantial risk of death, or which causes serious and prolonged disfigurement, . . . ."[4]
6) Kellum argues that, since the evidence shows that he shot Turner five times, at point blank range, the only rational conclusion is that he was attempting to kill Kellum. We disagree. Kellum shot Turner in his thigh and waist area; then he fled. A reasonable juror could have concluded that Kellum only intended to injure Turner, since Kellum did not shoot Turner in more vital areas, and he departed without inflicting a fatal blow.[5]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court be, and the same hereby is, AFFIRMED.
NOTES
[1] State v. Cox, 851 A.2d 1269, 1275 (Del. 2003).
[2] 11 Del. C. §§ 531, 636.
[3] 11 Del. C. § 613.
[4] 11 Del.C. § 222 (24).
[5] See: Wiggins v. State, 902 A.2d 1110 (Del. 2006).