# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | ID# 0603009059 |
| v. | ) | |
| | ) | |
| MELVIN KELLUM, | ) | |
| | ) | |
| Defendant | ) | |

Submitted: April 16, 2018
Decided: June 15, 2018

On Defendant's Second Motion for Postconviction Relief.
**SUMMARILY DISMISSED.**

# ORDER

Joseph Grubb, Esquire, New Castle County Prosecutor, Department of Justice, Wilmington, Delaware, Attorney for the State.

Melvin N. Kellum, James T. Vaughn Correctional Institution, Smyrna, Delaware, *pro se.*

COOCH, R.J.

This 15th day of June 2018, upon consideration of Defendant's Second Motion for Postconviction Relief, it appears to the Court that:

1.　　　　　In May 2006, Defendant was indicted for Attempted Murder First Degree, Possession of a Firearm During the Commission of a Felony, and Possession of a Deadly Weapon by a Person Prohibited ("PDWPP"). A jury found Defendant not guilty of Attempted Murder First Degree. However, the jury convicted Defendant of the lesser-included offense of Assault First Degree and the weapons charges. Defendant appealed his conviction to the Delaware Supreme Court and was represented by a different

1

attorney than the one he had at trial.[1] The convictions were affirmed on May 16, 2008.[2]

2. On January 27, 2009, Defendant filed his first motion for postconviction relief pursuant to Superior Court Criminal Rule 61.

> "Defendant assert[ed] five grounds for relief in his motion: (1) the joinder of the PDWPP charge prejudiced his rights to a fair trial; (2) the Court's failure to dismiss a juror who knew one of the State's witnesses amounted to prejudicial error; (3) the in-court identification of Defendant by Detective David Simmons violated his right to a fair trial; (4) the failure to disclose a videotaped interview of an eyewitness to the defense amounted to prejudicial error; and (5) the Court's failure to give an unrequested alibi instruction to the jury was 'plain error.'"[3]

3. On May 19, 2010, this Court denied Defendant's first motion for postconviction relief. The Delaware Supreme Court affirmed the denial for postconviction relief on January 21, 2011.[4]

4. Defendant then applied for federal habeas corpus relief pursuant to 28 U.S.C. § 2254 on four grounds:

> "(1) defense counsel provided ineffective assistance by failing to request and argue for an alibi instruction; (2) the trial court violated his due process rights by failing to sua sponte instruct the jury regarding his alibi defense; (3) the prosecutor engaged in misconduct by making prejudicial remarks during closing argument and by failing to provide the defense with a videotaped statement of an eyewitness in violation of *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963); and (4) appellate counsel

---

[1] *Kellum v. State*, 950 A.2d 659 (Del. 2008).
[2] *Id.*
[3] *State v. Kellum*, 2010 WL 2029059 (Del. Super. Ct. May 19, 2010), *aff'd*, 12 A.3d 1154 (Del. 2011).
[4] *Kellum v. State*, 12 A.3d 1154 (Del. 2011).

2

provided ineffective assistance by failing to raise the claims petitioner requested to be raised."[5]

5. On March 7, 2014, the United States District Court for the District of Delaware denied Defendant's application for federal habeas relief on the grounds that: (1) this Court and the Delaware Supreme Court reasonably applied *Strickland* to trial counsel's failure to request an alibi instruction,[6] (2) the state court reasonably applied federal law in denying claim asserting due process right to *sua sponte* alibi instruction,[7] (3) prosecutorial misconduct claim was procedurally defaulted,[8] and (4) Defendant failed to assert a proper basis for federal habeas relief.[9]

6. On April 12, 2018, Defendant filed this second motion for postconviction relief to this Court pursuant to Superior Court Criminal Rule 61. Defendant asserts three grounds for relief for ineffective assistance of counsel: (1) "Defendant was denied the right to effective assistance of counsel at trial for failure to object to improper comments of the State during closing arguments[,]"[10] (2) "Appellate counsel provided ineffective assistance of counsel in the appellate stage[,]"[11] and (3) "Defendant was denied the right to effective assistance of counsel at trial by introducing the defense witness prior felony

---

[5] *Kellum v. Pierce*, 24 F. Supp.3d 390 (D. Del. 2014).

[6] *Id.* at 401, 403. ("[T]he Superior Court correctly identified the Strickland standard applicable to petitioner's ineffective assistance of counsel claim. Thus, the Delaware Supreme Court's affirmance of that decision was not contrary to clearly established federal law.").

[7] *Id.* at 404

Given the lack of Supreme Court holdings squarely addressing a trial court's duty to sua sponte instruct the jury on alibi (or another defense) in the absence of a defendant's request for such an instruction, the court concludes that the Delaware state court decisions were not contrary to, or an unreasonable application of, clearly established federal law.

[8] *Id.* at 405 ("Consequently, petitioner's prosecutorial misconduct claim is procedurally defaulted, meaning that the court cannot review its merits absent a showing of cause and prejudice, or that petitioner is actually innocent.").

[9] *Id.* at 406 ("Postconviction counsel's failure to include claims on post-conviction appeal does not assert a cognizable issue for habeas review, because petitioner does not have a Sixth Amendment right to counsel in a post-conviction appeal.").

[10] Def.'s Mot. For Postconviction Relief at 12.

[11] *Id.* at 20.

conviction involving dishonesty when the witness conviction was more than 10 years ago."[12]

7. Rule 61 is the remedy for defendants "in custody under a sentence of this court seeking to set aside the judgment of conviction . . . ."[13] This Court "must first consider the procedural requirements of Rule 61 before addressing any substantive issues."[14] The procedural bars of Rule 61 include timeliness,[15] successiveness,[16] procedural default,[17] and former adjudication.[18] A motion is untimely if it is filed more than one year after the conviction is finalized or defendant asserts a new constitutional right that is retroactively applied more than one year after it is first recognized.[19] A motion is successive if it is a "second or subsequent motion."[20] If any of these bars apply, the movant must show entitlement to relief under Rule 61(i)(5).[21] The contentions in a Rule 61 motion must be considered on a "claim-by-claim" basis.[22]

8. Defendant's motion is procedurally barred because it is both untimely and repetitive.

9. According to Rule 61(i)(1), "[a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court."[23] Defendant has not asserted that either Rule 61(i)(2) exception is applicable here. Thus, Defendant's motion is untimely.

---

[12] *Id.* at 24.
[13] Del. Super. Ct. Crim. R. 61.
[14] *State v. Stanford*, 2017 WL 2484588, at *2 (Del. Super. Ct. June 7, 2017) (quoting *Bradley v. State*, 135 A.3d 748, 756 (Del. 2016)).
[15] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(1)).
[16] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(2)).
[17] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(3)).
[18] *Id.* at 2 (citing Del. Super. Ct. Crim. R. 61(i)(4)).
[19] Del. Super. Ct. Crim. R. 61(i)(1).
[20] Del. Super. Ct. Crim. R. 61(i)(2).
[21] *Stanford*, WL 2484588, at *2.
[22] *State v. Reyes*, 155 A.3d 331, 342 n.15 (Del. 2017) (holding that "Rule 61 analysis should proceed claim-by-claim, as indicated by the language of the rule.").
[23] Del. Super. Ct. Crim. R. 61(i)(1).

10. As this is Defendant's second motion for Postconviction relief, it is repetitive pursuant to Delaware Superior Court Criminal Rule 61(i)(2). According to Rule 61(i)(2), successive motions for postconviction relief are procedurally barred unless the defendant:

> (i) pleads with particularity that new evidence exists that creates a strong inference that the movant is actually innocent in fact of the acts underlying the charges of which he was convicted; or
> (ii) pleads with particularity a claim that a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court or the Delaware Supreme Court, applies to the movant's case and renders the conviction or death sentence invalid.[24]

Defendant has not asserted that either Rule 61(i)(2) exception is applicable here. In the case at bar, Defendant has failed to satisfy either test that would permit him to overcome the procedural bar in Rule 61(i)(2). Defendant alleges three ineffective assistance of counsel grounds for relief related to representation at both trial and appellate stages. Defendant has not alleged that new evidence exists nor that a new rule of constitutional law made retroactive to cases on collateral review is applicable to his case.

11. Defendant fails to demonstrate a basis for recovery pursuant to Del. Super. Ct. Crim. R. 61. Accordingly, Defendant's Second Motion for Postconviction Relief is **SUMMARILY DISMISSED**.

**IT IS SO ORDERED.**

_____
Richard R. Cooch, J.

cc: Prothonotary
Investigative Services

---

[24] Del. Super. Ct. Crim. R. 61(d)(2).